W. H. REDMAN and Virgil Nichols,
Plaintiffs in Error,

v.

Delbert A. McDANIEL, Defendant in Error.
No. 37881.

Supreme Court of Oklahoma.
Nov. 18, 1958.
Rehearing Denied Dec. 16, 1958.

Shutler, Shutler & Baker, Kingfisher, Pierce, Mock & Duncan, Oklahoma City, for plaintiffs in error.

Bryan Billings, Woodward, and Looney, Watts, Looney & Nichols, Oklahoma City, for defendant in error.

JACKSON, Justice.

This action was instituted in the trial court by Delbert A. McDaniel, as plaintiff, against W. H. Redman and Virgil Nichols, as defendants, for personal injuries sustained by plaintiff when plaintiff's vehicle collided with a vehicle owned by the defendant, Redman, at a highway intersection in Kingfisher County, Oklahoma. From verdict and judgment for plaintiff, defendants appeal. The parties will be given their trial court designations.

In defendants' first proposition for reversal it is asserted that the trial court erred in refusing to grant the defendants' motion for a mistrial based upon the repeated reference to insurance made by counsel for the plaintiff in the course of the voir dire examination.

In pre-trial conference the trial judge sought to determine whether plaintiff's counsel would inquire of prospective jurors as to whether they were interested in any type of insurance. At that time plaintiff's counsel stated that he had not made any decision on that point but was of the opinion that if he asked any questions in this regard they would relate to whether any members of the jury were interested in writing public liability insurance, or any type of insurance. Counsel for defendants insisted that the rule in Safeway Cab Service Co. v. Minor, infra, should be followed and stated that a motion for mis-trial would be made if plaintiff mentioned anything about insurance in voir dire examination. Although the trial judge indicated a desire to have some agreement reached in pre-trial conference as to the procedure to be followed, it does not appear from the record that the problem was settled.

In Lee v. Swyden, Okl., 319 P.2d 1009, decided December 24, 1957, and subsequent to the trial of the instant case, the plaintiff sought by motion to interrogate prospective jurors concerning their interest, if any, in the Oklahoma Farm Mutual Insurance Company and whether they, or any member of their families, carried a policy of insurance in that company. The trial court overruled that motion and stated that he would follow the rule announced in Safeway Cab Service Co. v. Minor, 180 Okl. 448, 70 P.2d 76. In that case we approved the action of the trial court and held that there was no error in the action of the trial court.

When the instant case came on for trial the first juror examined by plaintiff's counsel, after identifying himself by name, was asked: "Are you interested in the insurance business?" The third, fifth, and eighth jurors, after locating their places of residence and giving their occupations as farming, were each asked: "Are you interested in the insurance business?" The fourth, sixth, and ninth jurors, after locating their places of residence and giving their occupations as farming, were each asked: "Do you have any other side-line or occupation?" All the foregoing questions were answered in the negative. The other jurors were either not questioned concerning insurance, or their examination is not shown in the record.

After defendants' counsel had objected to the questions concerning insurance and moved for a mistrial several times, plaintiff's counsel, outside the jury's presence, stated to the court:

"The attorney for the plaintiff in this case is a resident of Woodard County and is a stranger in Kingfisher County, not acquainted with any of the members of the jury panel summoned for services in this term of court; that the attorney for the plaintiff is informed that the defendants in this case are insured by the Oklahoma Farm Mutual Insurance Company, and it is the information of the plaintiff's attorney that this company has various farmers and other persons acting as its agents in this and other counties of northwestern Oklahoma, which business of writing insurance is carried on as a side-line and in

addition to their occupation as farmers and other occupations."

It is unnecessary to cite authorities for the principles of law involved in this case. In addition to numerous decisions from this court exhaustive annotations on the subject appear in 56 A.L.R. 1454; 74 A.L.R. 860; 95 A.L.R. 380; 105 A.L.R. 1319; and 4 A.L.R.2d 761. Under the authorities it is well settled that plaintiff has a right to have a jury that is free from bias and prejudice. To secure that right it is also well settled that plaintiff is entitled to ask such questions as may be necessary, or become necessary, to enable him to discover whether a juror is interested in the insurance business, especially where he believes that some of the jurors may be writing insurance for an insurance company that he believes has written insurance for the defendants. But in doing so it is equally well settled in Oklahoma that he should not indicate to the jury that the defendant is protected by insurance unless it is necessary in order to obtain a jury free from favoritism toward the defendant. In the second paragraphs of the syllabi in Safeway Cab Service Co. v. Minor, 180 Okl. 448, 70 P.2d 76, and Lee v. Swyden, Okl., 319 P.2d 1009, 1012, supra, we held:

"The parties have a right to question prospective jurors on their business connections, among other things, in order to determine their fitness to sit in the particular case, and this includes the matter of insurance companies, when there is occasion to inquire thereon; but, in order to be in good faith in this respect, general preliminary questions should be asked which might elicit information making needless further questioning thereon."

In the body of the opinion in Berry v. Park, 185 Okl. 118, 90 P.2d 425, we said that every precaution should be taken to restrain counsel from going beyond the limits of the questioning necessary to procure a jury free from favoritism toward the defendant.

In the voir dire examination of four of the prospective jurors herein the plaintiff obtained this information by asking these jurors whether they were interested in the insurance business. From three of the prospective jurors he obtained this information by asking whether they had any other side-line or occupation. The question propounded to the three last mentioned jurors demonstrates that it was possible to obtain the desired information without using the word "insurance."

In the body of the opinion in Safeway Cab Service Co., supra, we said [180 Okl. 448, 70 P.2d 78]:

"The attorneys should ask preliminary questions which might eliminate further questions. For instance, if a juror is asked if he owns stock in any corporation or is employed by one, and answers in the negative, further questions are unnecessary. If the juror answers in the affirmative, inquiry as to the type of corporation is proper. If the answer discloses that it is a corporation other than one engaged in insurance business, further questions are unnecessary. If the answer discloses that it is an insurance corporation, then pertinent and specific questions are proper in order to establish the prospective jurors' partiality, etc. By this method of approach the information may be elicited without laying stress upon one particular type of company. The questions proper in the course of the examination then will develop the one type or the particular company. This method used under proper supervision by the trial court will eliminate much of the difficulty of this problem."

In the Safeway Cab Service Co. case we did not lay down a hard and fast pattern for attorneys to follow, nor indicate any stereotyped form of questioning. We did mean to say that there are types and forms of questions that attorneys can devise that will elicit the information desired without indicating to the jury that the defendant is protected by insurance.

We are convinced that plaintiff's counsel went beyond the point of necessity in his voir dire examination and exhibited a reck-

less disregard for the rights of the defendants. We are also of the opinion that defendants were protected by public liability insurance. We see no reason why the jury should not have reached the same conclusion.

Have the defendants been prejudiced if the jury had good reason to believe that the defendants are protected by insurance? In 4 A.L.R.2d at page 793 under the annotation "Showing as to Liability Insurance", the author states:

"Experience has demonstrated that whenever jurors know that an insurance company will have to pay any judgment entered on their verdict, such knowledge will usually be reflected in a larger recovery."

We hold that view.

In some of our former decisions where plaintiffs informed the jury that defendants were protected by insurance, we refused to reverse the trial court because we could not say that a new trial would result in a different finding, or result in a smaller verdict. Stated another way, we refused to reverse because we were unable to say that the improper conduct had any prejudicial influence upon the jury. These decisions are not realistic. They are in conflict with the view that prejudice results when the jury knows that an insurance company will have to pay the judgment. It permits a plaintiff to deliberately inject beneficial prejudice into the case which experience has demonstrated will usually be reflected in a larger recovery. It permits a plaintiff to retain that larger recovery for the simple reason that it is difficult, if not impossible, for this court to segregate and identify the harm done. This type of decision encourages improper conduct.

■ Since we are of the view that knowledge of insurance coverage will cause a jury to render a larger verdict, and in some cases render a verdict in favor of the plaintiff when otherwise they would not, it becomes the duty of this court to compensate for the harm done by appropriate action. In some cases this may be done by directing a

remittitur. In other cases it may be necessary to grant a new trial.

In the fourth paragraph of the syllabus in Fike v. Peters, 175 Okl. 334, 52 P.2d 700, it was held:

"There is no hard and fast rule that requires the court to penalize the plaintiff by directing a mistrial because evidence that the defendant is protected by indemnity insurance is heard by the jury. However, if plaintiff gets this matter into the case by questionable practice, the court, upon proper application, should penalize him by directing a mistrial. And if he deliberately sets out, though in an indirect way, to inform the jury by improper evidence or arguments that the loss, if any, will fall upon an insurance company, his conduct is deemed so prejudicial as to warrant a reversal of the judgment, if for the plaintiff, and the granting of a new trial; at least, where the evidence is conflicting, and the case is a close one on its facts. * * *."

In Berry v. Park, supra, in discussing the holding in the Fike case, we rejected the idea of penalizing the plaintiff but approved the quotation taken from 56 A.L.R. 1485, wherein it is said [185 Okl. 118, 90 P.2d 428]:

"If he (the plaintiff) deliberately sets out, though in an indirect way, to inform the jury by improper evidence or arguments that the loss, if any, will fall upon an insurance company, his conduct is deemed so prejudicial as to warrant a reversal of the judgment, if for the plaintiff, and the granting of a new trial. * * *."

■ Under the facts as presented by the record in this case we are of the opinion that plaintiff informed the jury that the loss would fall upon an insurance company. Having concluded that a defendant is harmed when it is made to appear that the defendant is protected by indemnity insurance coverage, we further conclude that a defendant should be given some relief in those cases where plaintiff unnecessarily and

**504**

without justification brings the fact of insurance coverage to the attention of the jury.

Former decisions of this court in conflict with the views herein expressed are overruled.

We have carefully examined the record before us and have concluded that the judgment of the trial court should be, and is, reversed with directions to grant the defendants a new trial.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS and BLACKBIRD, JJ., concur.