MISSOURI, KANSAS AND OKLAHOMA TRANSIT LINES, INC., a corporation, Transport Insurance Company, a corporation, and Charles Crider, Plaintiffs in Error,

v.

B. R. BAKER, Defendant in Error.

No. 40541.

Supreme Court of Oklahoma.

June 16, 1964.

Rehearing Denied July 14, 1964.

Best, Sharp, Thomas & Glass, Tulsa, for plaintiffs in error.

Dale J. Briggs, Tulsa, for defendant in error.

BERRY, Justice.

This appeal challenges the correctness of a judgment rendered upon a jury verdict in an action brought to recover damages for personal injuries alleged to have been proximately caused by defendants' various acts of negligence.

Defendant, M. K. & O. Transit Lines, Inc., was engaged in transporting passengers for hire over fixed routes as a licensed public carrier within the City of Tulsa. Transport Insurance Company was named party defendant by reason of an insurance policy issued to defendant bus company under requirement of a duly-enacted city ordinance. Defendant, Charles Crider, was

the driver of defendant's bus which was involved in this action.

Plaintiff, a resident of Tulsa, was waiting to board defendant's regular bus at 73 East Avenue & King Street in Tulsa at approximately 7:30 A.M. on December 11, 1961. A sleet and ice storm the night before had made conditions icy and slippery, although plaintiff had walked two blocks to the bus stop without incident despite inclement conditions.

The morning in question defendant's driver stopped at the driveway of the second house east of the intersection at a point which preceded the regular boarding place. This driveway was level except for the last 62 inches which sloped 7 inches down to the street level. The bus stopped with the door opening at this driveway. At this point the bus step was 12 inches above street level rather than the customary 4 inches above the curb, which was 8 inches high at the regular boarding place. Following other passengers who were boarding the bus, plaintiff had placed his right foot upon the step and grasped the bar with his right hand when his left foot slipped causing him to fall heavily to the ground under the side of the bus, and as a result thereof his hip was broken.

Plaintiff, who was regularly and gainfully employed, was hospitalized and underwent surgery and incurred medical expenses. He likewise suffered complete disability during convalescence which still existed at the time of trial. The petition sought damages for injuries in the amount of $45,000.00.

The named defendants were sued jointly, the corporate defendants being joined in the action under provisions of the City Ordinance No. 8019 of the City of Tulsa. Section 11 of such Ordinance provides in part:

"The Grantee shall at all times, at its own expense, keep insured each and every bus used in its operations, against liability to the public in the minimum amounts hereinafter set forth, by insurance companies authorized to do business in the State of Oklahoma.

Such insurance shall be conditioned for the benefit of persons suffering bodily injury or death or sustaining property damage by virtue of the negligent operation of the Grantee, or its employees, of such motor bus or motor busses.

\* \* \* \* \* \*

"Neither the deposit of a bond or bonds under the terms of this section, nor the filing of copies of insurance policies shall be deemed to in any manner make the bonding company or the insurance company directly liable to the claimant, it being understood that such bonds or policies are required to be procured by the grantee to insure payment of its liabilities to the public for injuries and death."

Complete copies of City Ordinance No. 8019 authorizing action against the insurer, together with copies of the policy filed by the insurer in compliance with the ordinance, were attached to the petition. The question as to the propriety of joinder of the insurer as a party defendant was raised, and prior to selection of the jury again was considered by the trial court at a hearing in chambers. Defendants objected to the jury being advised of the ordinance and the insurance policy but were overruled by the trial court and the jury was advised concerning the terms and requirements of both. In the trial court's oral instructions, the jury was told that by reason of the requirement of the ordinance the defendants had posted a public liability insurance policy for the benefit of persons who might be injured.

Trial to the jury resulted in a verdict for plaintiff for $10,000.00, upon which the judgment complained of was entered. Upon presentation of the motion for new trial, particular portions of the language of the city ordinance were called to the court's attention. By reason thereof, the trial court, over plaintiff's objection, vacated the judgment against the insurer but refused to sustain the motion and vacate the judgment entered against the remaining defendants.

Four propositions are advanced by defendants in seeking reversal of the judgment appealed from. Proper disposition of this appeal requires that this court determine only the following contention:

"The trial court erred in submitting the cause to the jury against the defendant Transport Insurance Company thereby advising the jury that the defendants were protected by insurance which prejudiced their rights to a fair and impartial trial."

In an effort to support the correctness of the trial court's action, plaintiff urges that (a) defendants failed to raise properly the issue of misjoinder of parties; (b) submission of the cause against the insurer to the jury was not prejudicial; (c) that portion of the ordinance purporting to change the statutory rule of pleading relative to joinder of parties is invalid.

The plaintiff's argument may be summarized in the following manner:

Our statute (12 O.S.1961 § 265) permits joinder of parties where a motor carrier and its liability insurer are involved. The grant of general powers to municipal corporations does not authorize legislation which conflicts with the general statutes; therefore, since intra-city motor carriers are regulated by 47 O.S.1961 §§ 224–227.5, incl., the City of Tulsa lacked authority to adopt any ordinance, operation of which would affect joinder of parties or conflict with existing statutes, it follows that the last-quoted provision of the Ordinance involved is invalid and not properly applicable. Plaintiff concludes the questionable language of the Ordinance must be removed from consideration, and upon such tenuous reasoning asserts that defendants' contention relative to misjoinder cannot be considered since the procedural statutes permit joinder of parties in such cases.

We are unable to ascribe to the language of the statutes above mentioned the purpose and meaning urged by plaintiff. Secs. 227.1–227.5 specifically extend to cities having more than 150,000 population,

the absolute authority to license and control operation of city bus systems. Sec. 227.3 expressly provides the applicable statutes are to be construed as a grant of power rather than a limitation upon the rights of municipalities to regulate. The foregoing amply supports the conclusion that the legislative enactment of this ordinance was authorized by the statute and did not conflict with the general statutes as contended by plaintiff.

The controlling issue is whether disclosure to the jury of the legal requirements and existence of liability insurance was prejudicial to these defendants. Under this record it is unquestioned that the jury was advised forcefully that defendants were protected by liability insurance issued by defendant insurance company. We are of the opinion the trial court erred in advising the jury as to the existence of the city ordinance inasmuch as the last-quoted provision of that ordinance clearly excluded the insurer's direct liability and thus precluded the possibility of such insurer being a proper party defendant.

This Court consistently has adhered to the rule that to inform or suggest to a jury that a defendant may be protected by liability insurance or that the loss will fall upon an insurance company, is prejudicial as a matter of law and constitutes ground for reversal of the judgment rendered.

In Redman et al. v. McDaniel, Okl., 333 P.2d 500, we acknowledged the verity of this principle:

"'Experience has demonstrated that whenever jurors know that an insurance company will have to pay any judgment entered on their verdict, such knowledge will usually be reflected in a larger recovery.'"

The quoted statement provides the basis for the conclusion this Court has reached in numerous cases heretofore in holding that prejudice results when a jury is advised that the defendant is protected by liability insurance. See cases collected in 4 A.L.R.2d 770. Nothing herein reflected in-

clines us to the belief that this is not a salutary rule or that the present case provides any ground for exception thereto.

Since the case must be retried, we decline to discuss questions arising from matters involving the testimony and instructions given to the jury.

The judgment is reversed and the cause remanded with directions to grant a new trial.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur