MID–CONTINENT CASUALTY
COMPANY, Petitioner,

v.

The Honorable Harold C. THEUS, Judge
of the District Court of the State of
Oklahoma, Respondent.

No. 52940.

Supreme Court of Oklahoma.

Feb. 13, 1979.

As Corrected on Denial of Rehearing
April 9, 1979.

Tenal S. Cooley, III, Looney, Nichols, Johnson & Hayes, Oklahoma City, for petitioner.

Charles E. Daniel, Drumright, for respondent.

IRWIN, Vice Chief Justice.

The issue presented is whether an insured may maintain an action against her insurance carrier when her uninsured motorist coverage is equal to the alleged tortfeasor's liability coverage. Juliene Dorsey, insured, commenced an action against Harvey Myers, the alleged tortfeasor, and Mid-Continent Casualty Company, her own insurance carrier. Petition alleged that insured received injuries in an automobile accident caused by the tortfeasor, who had the statutorily required liability coverage of $5,000.00 per person and $10,000.00 per accident. Petition stated that insured's uninsured motorist coverage is the same as liability coverage of tortfeasor.

Carrier filed a Motion for Summary Judgment arguing that tortfeasor was not an uninsured motorist under the policy and Oklahoma law. Respondent Judge overruled that motion, and carrier requests this court to assume original jurisdiction and issue a Writ of Prohibition prohibiting the trial judge from proceeding further against it.

Carrier argues that the statutory definition of "uninsured motorist" does not include the tortfeasor who has the statutorily required liability coverage when the insured's uninsured motorist coverage has the same limits. 36 O.S.Supp. 1976 § 3636(C) provides:

> For the purposes of this coverage the term "uninsured motor vehicle," shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency *or whose*

*liability insurer for any reason either cannot or is not legally required to afford at least the per person coverage limits with respect to the legal liability of its insured, applicable to any injured party under any uninsured motorist coverage covering such injured party.* (Emphasis Added)

Insured argues that this language means that the motorist is uninsured when he is "legally liable for more than his insurance carrier is legally obligated to pay."

This Court ruled in *Simmons v. Hartford Acc. & Indem. Co.*, Okl., 543 P.2d 1384 (1975):

> Under the present uninsured motorist statute a driver or car is insured if it has minimum coverage of $5,000.00 for one person and $10,000.00 for two or more persons injured in one accident.

Since that decision, section 3636(c) has been amended to include the emphasized portion. Under the amendment a motorist is "uninsured" if his liability carrier cannot or is not legally obligated to pay as much of his liability as would be available to the injured person under the injured's uninsured motorist coverage. This amendment expands the coverage to include the instance when an injured party's uninsured motorist coverage is greater than the tortfeasor's liability coverage. In that circumstance, the tortfeasor is an "uninsured motorist".

That is not the case before us. Insured's uninsured motorist coverage is the same as tortfeasor's liability coverage. Insured offers no interpretation of the language of the statute which would allow us to reach the construction she desires. The rule of construction of statutes is to ascertain the intention of the enacting body. This would ordinarily be done by consideration of the language of the statute, and the court should not read into a statute exceptions not made therein. *Seventeen Hundred Peoria, Inc. v. City of Tulsa*, Okl., 422 P.2d 840 (1966). On the issue before us the statute is clear and unambiguous, and it will be accorded the meaning as expressed by its language. *General Motors Corp., Argonaut Division v. Cook*, Okl., 528 P.2d 1110

(1974). On the facts alleged, insured has no cause of action on her uninsured motorist coverage, and her action against the carrier constituted an attempt to make unauthorized application of judicial force and should be prohibited by this Court. *Firestone Tire & Rubber Company v. Barnett*, Okl., 475 P.2d 167 (1970).

Application to Assume Original Jurisdiction granted and Writ of Prohibition issued prohibiting the respondent from further proceeding against petitioner in this action.

LET THE WRIT ISSUE.

All Justices concur.