Charles H. McKINLEY, Appellant,

v.

PRUDENTIAL PROPERTY AND CASU-ALTY INSURANCE COMPANY, a corporation, Appellee.

No. 53038.

Court of Appeals of Oklahoma, Division No. 1.

June 3, 1980.

Rehearing Denied July 15, 1980.

Certiorari Denied Sept. 22, 1980.

Released for Publication by Order of Court of Appeals Sept. 26, 1980.

Bob Funston and Daniel J. Boudreau, Broken Arrow, for appellant.

Abernathy, Ingram & Lewis by David Ingram, Shawnee, for appellee.

REYNOLDS, Presiding Judge:

The issue here is whether the amendment to Title 36 O.S. § 3636(C), effective March 16, 1976, that changed the definition of an "uninsured motorist," is applicable to the uninsured motorist provisions of a pre–existing automobile insurance contract.

Title 36 O.S. § 3636(C), prior to the 1976 amendment, provided for uninsured motorist coverage but not underinsured motorist coverage. *Simmons v. Hartford Accident & Indemnity Co.*, Okl., 543 P.2d 1384 (1975). The 1976 amendment thereto expanded the definition of an uninsured motorist to include the situation where an injured party's uninsured motorist coverage is greater than the tortfeasor's liability coverage. *Mid-Continent Cas. Co. v. Theus*, Okl., 592 P.2d 519 (1979).

Prudential Property and Casualty Insurance Company (Appellee) issued an automobile insurance policy listing Charles H. McKinley (Appellant) as insured. This policy was effective from February 20, 1976, through August 20, 1976, and contained uninsured motorist coverage in the amount of $25,000.

On July 21, 1976, Appellant was injured when the automobile he was operating was involved in an accident with an automobile driven by Darrell William Wheat. Appellant filed a negligence action in district court on July 12, 1978, against the administrator of Wheat's estate seeking a total recovery of $73,000 for injuries Appellant sustained in the accident. Wheat's liability insurance was only $10,000.

Appellant notified Appellee of his claim to a right of recovery under the uninsured motorist provisions of the insurance policy. Appellee intervened as a third party defendant and filed a motion for summary judgment. The trial court sustained Appellee's motion for summary judgment. Appellant has perfected this appeal contending that the 1976 amendment should be applicable to this case.

■ Contracting parties are presumed to contract in reference to the law existing at the time the contract was entered into.

The law in force when the agreement is made effective determines the validity and construction of contractual provisions. *Sinclair Oil and Gas Co. v. Bishop*, Okl., 441 P.2d 436 (1967); *Tom P. McDermott, Inc. v. Bennett*, Okl., 395 P.2d 566 (1965). At the time this insurance contract became effective state law did not provide for underinsured motorist coverage. *Simmons v. Hartford Accident & Indemnity Co., supra.* Therefore, Appellee is not liable to Appellant under the uninsured motorist provisions of this insurance contract.

Appellant contends that, by amending the definition of an uninsured motorist in § 3636, effective March 16, 1976, to encompass a situation similar to that presented here, the legislature exercised its right to affect existing contract obligations under the state's police power. By changing the statutory definition under the police power, the new definition would automatically become a part of Appellant's existing insurance contract with Appellee. Appellant cites as authority *Natural Gas Pipe Line Co. of America v. Panoma Corp.*, Okl., 271 P.2d 354 (1953), and *Layton v. Pan American Petroleum Corporation*, Okl., 383 P.2d 624 (1963).

■ Appellant fails however, to show sufficient legislative intent to effect such a consequence. § 3636(A) provides:

No policy * * * shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection (B) of this section.

Subsection (B) makes provision for uninsured motorist coverage in automobile insurance contracts. Had the legislature intended to effect an immediate change in contractual obligations as asserted by Appellant, the legislature would not have made provision for the coverage to be included in all policies to be delivered, renewed, or extended in this state. The legislature would clearly have spoken in a more clear and definitive voice had they intended to adopt Appellant's position. *Cavett v. Geary Bd. of Ed.*, Okl., 587 P.2d 991 (1978).

Where it appears that there is no substantial controversy as to any material fact and where it appears that any party is entitled to judgment as a matter of law, a court properly renders summary judgment. *Poafpybitty v. Skelly Oil Co.*, Okl., 517 P.2d 432 (1973).

AFFIRMED.

ROMANG, J., concurs.