Curtis Don TIDMORE and State Farm Insurance Company, Petitioners,

v.

Flora Pauline FULLMAN, Respondent.

No. 57642.

Supreme Court of Oklahoma.

June 8, 1982.

As Corrected June 8, 1982.

Best, Sharp, Thomas, Glass & Atkinson, Tulsa, for petitioner, State Farm Ins. Co.

Knight, Wagner, Stuart, Wilkerson & Lieber, Tulsa, for petitioner, Curtis Don Tidmore.

Lang, James & Bingham, Inc., Tulsa, for respondent.

LAVENDER, Justice:

The issue certified for interlocutory appeal to the Supreme Court by the court below and presented by petition for certiorari is as follows:

In a personal injury action arising out of a motor vehicle accident where plaintiff driver sues defendant driver and also sues plaintiff's uninsured motorist insurance carrier alleging that the defendant driver was underinsured, is the following evidence admissible before the jury?

    a.  The liability insurance policy limits of the defendant driver.

    b.  The policy of uninsured motorist insurance issued to plaintiff driver and the identity of the company issuing the policy.

The parties have stipulated:

1.  Defendant Tidmore carried a policy of liability insurance on his vehicle in compliance with the requirements of the Oklahoma financial responsibility laws.

2.  Tidmore's policy was in full force and effect at the time of the collision and that

the proceeds of the policy will be available in the event that plaintiff recovers judgment against him.

3. Tidmore's policy limit is less than the uninsured motorist coverage afforded by defendant State Farm Insurance Company to plaintiff Fullman under Fullman's policy with it, and less than the amount prayed for by Fullman in her petition.

4. Fullman's policy with State Farm provides uninsured motorist coverage for the collision with a policy limit of $25,000.

Defendants further agree to provide to the Court, if requested, copies of their respective policies.

Defendant State Farm agrees not to participate in the trial of the case and further agrees to be bound by the jury verdict.

At pre-trial conference, the court below ruled that the jury upon trial would be allowed to hear evidence as to the liability insurance limits under Tidmore's policy and to hear evidence that plaintiff had an uninsured motorist insurance policy with State Farm. The court below entered a pre-trial order embodying the rulings, and that order was certified for interlocutory appeal.

The pertinent portion of 36 O.S.Supp. 1976, § 3636 providing for uninsured motorist coverage is as follows:

"(A) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended· in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection (B) of this section.

"(B) The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury,

sickness or disease, including death resulting therefrom. Coverage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of Section 7–204 of Title 47, Oklahoma Statutes, as the same may be hereafter amended; ....

\* \* \* \* \* \*

"(C) For the purposes of this coverage the term 'uninsured motor vehicle' shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency or whose liability insurer for any reason either cannot or is not legally required to afford at least the per person coverage limits with respect to the legal liability of its insured, applicable to any injured party under any uninsured motorist coverage covering such injured party.

Thus, by legislative definition an "uninsured motor vehicle," insofar as prescribed insurance coverage is concerned, includes vehicles which are uninsured, hit-and-run vehicles, insured motor vehicles where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within policy limits by reason of the insolvency of the insurer.

In *Keel v. MFA Insurance Company,*[1] we held that an insured who has a claim against an uninsured motorist has the following options:

(1) He may file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action.

(2) He may file an action joining both the uninsured motorist and the insurance company as party defendants and litigate all issues of liability and damages in one action.

(3) He may file an action against the uninsured motorist without joining the insurance company as a party defendant, but

---

1. Okl., 553 P.2d 153 (1976).

give adequate notice of the filing and pendency of such action to the insurance company so that it may take whatever action it desires, including intervention.

(4) He may file an action against the uninsured motorist and give no notice to the insurance company.

Here the plaintiff chose the second option and joined both the "uninsured" motorist and plaintiff's insurance carrier as parties defendant.

In *Missouri, Kansas & Oklahoma Tran. Lines, Inc. v. Baker*,[2] we held that a municipality could by ordinance require a bus company to maintain liability insurance under legislative delegation of authority so to do. It is significant to point out that the ordinance there under consideration expressly provided that the insurer was not directly liable to the claimant. There, the trial court, over objection, permitted the joinder of the insurer as a party defendant in a personal injury action, and in its instructions to the jury forcefully advised the jury that the defendants were protected by liability insurance issued by the defendant insurance company. There, after determining insurer was not properly a party to the case, we held:

"This Court consistently has adhered to the rule that to inform or suggest to a jury that a defendant may be protected by liability insurance or that the loss will fall upon an insurance company, is prejudicial as a matter of law and constitutes ground for reversal of the judgment rendered.

"In *Redman et al. v. McDaniel*, Okl., 333 P.2d 500, we acknowledged the verity of this principle:

'Experence has demonstrated that whenever jurors know that an insurance company will have to pay any judgment entered on their verdict, such knowledge will usually be reflected in a larger recovery.' "

In *Redman v. McDaniel*,[3] we held in a case where liability insurance was not required to be carried by the defendant and the insurance carrier was not a party to the cause, the plaintiff is entitled to ask jurors on voir dire such questions as are necessary or may become necessary to enable him to discover whether a juror is interested in the insurance business, especially where he believes that some of the jurors may be writing insurance for an insurance company that he believes has written insurance for the defendants. But in doing so, it is equally well settled that he should not indicate to the jury that defendant is insured unless it is necessary in order to obtain a jury free from favoritism toward defendant, and when plaintiff unnecessarily and without justification brings the fact of insurance coverage to the attention of the jury, such may be reversible error.

■ Thus, we conclude, that where the fact of liability insurance coverage is brought before the jury unnecessarily or forcefully where liability insurance coverage is not legislatively mandated and where the insurer has no direct liability to the claimant, such jury revelations are, as a matter of law, prejudicial, and if the insured is or might have been harmed thereby, reversible error.

■ On the other hand, the insurer under a compulsory insurance policy may be joined as a defendant with the insured in an action by an injured third person, generally, on the theory that under statutes requiring and controlling compulsory insurance, a direct or joint right is created in favor of the injured person against both the insured and the insurer.[4] And our Court has on many occasions held that where a motorist is required by statute or ordinance to file a policy of liability insurance to protect the interests of the public or injured persons, though not expressly giving to them a direct benefit under the policy, the joinder of

2.  Okl., 393 P.2d 868, 869 (1964).

3.  Okl., 333 P.2d 500 (1958).

4.  For an annotation of Oklahoma cases so holding, see 20 A.L.R.2d 1103; 7A Am.Jur.2d § 454.

the insurer and the insured in the same action is permitted.[5]

In the case before us and under 36 O.S. Supp.1976, § 3636, *supra*, liability insurance coverage on a motorist is not expressly legislatively mandated; but if liability insurance is proffered to a motorist, uninsured motorist coverage, as defined in the statute, is required, unless the named insured opts to reject such uninsured motorist coverage under conditions set forth in the statute but which are not herein involved.

In considering an uninsured motorist statute similar to 36 O.S.1976, § 3636(B), the Kansas Supreme Court, in the case of *Winner v. Ratzlaff*,[6] held that the insured may join in one action both the uninsured motorist and the claimant's insurer. Pursuant to pre-trial order the fact that the insurance company was a party to the litigation or the existence of uninsured motorist coverage was not disclosed to the jury. The verdict and judgment was rendered in favor of defendant uninsured motorist and plaintiff appealed. A Kansas statute forbids the mention of insurance coverage during the trial of a damage action, much as the Oklahoma Supreme Court has forbidden it by judicial pronouncements. In weighing the prohibition against mentioning insurance coverage on the one hand against the plaintiff's *contractual* right to determine whom he would sue, the Kansas Court ruled in favor of the plaintiff's substantive rights by reason of his insurance contract not only to determine whom he would sue, but also in the manner he desired. The Kansas Court concluded that, although by stipulation or judicial admission there were no affirmative issues to be tried between the insured plaintiff and his insurance carrier, the plaintiff nevertheless had a right to maintain the action against both the insured and the uninsured motorist even though such procedure permitted the plaintiff to place before the jury the fact that the claim was covered by the insurance and the name of the insurer.

We find the decision of the Kansas Supreme Court persuasive in its determination that the insured claimant has a contractual right to bring suit against its insurer under its uninsured motorist coverage and to join as a defendant the third party alleged tort feasor. However, the facts in *Winner v. Ratzlaff*, *supra*, are significantly distinguishable from the case before us. The plaintiff here seeks to place before the jury the name of the underinsured defendant's insurer and the terms of the underinsured defendant's policy. Here, the underinsured defendant's insurer is not a party to the suit. Neither is there a contractual right on the part of the plaintiff to maintain a claim against the underinsured defendant's insurer. Thus, the foundation upon which *Winner v. Ratzlaff*, *supra*, rested is here modified.

■ What remains is simply the determination of whether the trial court should permit evidence to be presented to the jury of the name of both insurers and the terms of their respective insurance policys where, because of the stipulations entered in the case, such evidence could not tend to prove or disprove any unresolved issues in the case and could only serve to prejudice the jury by advising its members that any judgment for the plaintiff to the extent that it exceeds the underinsured defendant's coverage up to the underinsured motorist's policy limits will be paid by plaintiff's insurance carrier. The only justification for such a ruling is plaintiff's asserted right to control the *manner* in which his lawsuit shall proceed which plaintiff postulates includes the right to place before the jury the names of both plaintiff's insurer and defendant's insurer, together with the terms of the respective policies. In contrast to plaintiff's asserted right is the right of plaintiff's insurer to a fair and impartial jury unhampered by the obviously prejudicial impact of unnecessarily and forcefully having thrust upon their minds the fact that plaintiff's damages will be paid wholly or in substantial part by plaintiff's insurer. When placed in proper perspective, we be-

---

**5.** 20 A.L.R.2d, p. 1120, et seq.

**6.** 211 Kan. 59, 505 P.2d 606, 73 A.L.R.3d 623 (1973).

lieve the plaintiff's asserted right becomes more illusory than substantial. We therefore hold that plaintiff's insurer is a proper party to the lawsuit. However, evidence as to the names of both insurers and the terms of their respective policies should be withheld from the jury. The issue of the defendant motorist's negligence and the fact and quantum of plaintiff's damages may thus be fairly submitted to the jury. In the event that verdict is rendered in favor of the plaintiff, the trial court, armed with the stipulations entered in the case, can properly determine plaintiff's insurer's ultimate liability under the terms of the respective policies, and enter judgment accordingly.

The ruling of the trial court is reversed.

IRWIN, C. J., SIMMS and HARGRAVE, JJ., and BOX, Special Judge, concur.

BARNES, V. C. J., concurs in part and dissents in part.

HODGES, DOOLIN and OPALA, JJ., dissent.

WILLIAMS, J., certified his disqualification. The Honorable Dwain D. Box was appointed in his stead.

OPALA, Justice, dissenting:

This is a proceeding for certiorari to review a trial judge's certified pre-trial order in an action against the plaintiff's (Flora Fullman's) risk carrier to recover for personal injuries under the terms of her uninsured motorist coverage and against the allegedly offending driver of another car (Curtis Don Tidmore). In the order certified for our review the trial judge ruled that the jury should be informed of the limit of the defendant's public liability coverage and of the terms of the plaintiff's own protection under the uninsured motorist endorsement.

The court holds today that all of the following matters should be withheld from the jury: (a) the identity of the defendant's public liability insurer and that of the plaintiff's uninsured motorist carrier; and (b) the nature and the limits of the parties' coverage.

For the reasons to be explained, I would deny certiorari.

## I.

### CERTIORARI WAS IMPROVIDENTLY GRANTED

Under the terms of 12 O.S.1981 § 952(3) this court may, in its discretion, review a certified interlocutory order "which affects a *substantial part of the merits* of the controversy" [emphasis supplied]. The order tendered in this case does not deal with the merits of the pending action but merely with evidentiary matters. The word "merits" has a well-defined meaning in law. It signifies the *real or substantial grounds of action or of defense.* Practice, procedure and evidence are not embraced within the term. These are matters "dehors the merits". *Flick v. Crouch*, Okl., 434 P.2d 256, 261 [1967].

The issues before us clearly are outside the merits of the controversy below. *If this petition warrants our attention, § 952(3) certiorari for corrective relief in advance of trial should routinely be granted whenever an unfavorable in limine ruling is challenged here as less than perfect.*

## II.

### THE COURT'S PRONOUNCEMENT SETTLES ISSUES ARISING UNDER THE NOW REPEALED § 3636 COVERAGE

The collision in this controversy occurred January 28, 1979. Rights under § 3636 [uninsured motorist coverage] depend on the statute in effect when the policy was issued or was last renewed. *MFA Ins. Co. v. Hankins*, Okl., 610 P.2d 785, 787 [1980] and *McKinley v. Prudential*, Okl.App., 619 P.2d 1269, 1270 [1980]. The plaintiff's rights against her own risk carrier are hence governed here by the terms of 36 O.S.Supp. 1976 § 3636. Under that act (a) there is *no* liability by the uninsured motorist carrier unless the tortfeasor's public liability limit is less than the limit of the uninsured motorist coverage and (b) the claim of the § 3636 insured stands limited to the difference between the higher § 3636 limit and the adverse [other] vehicle's public liability limit. *Mid-Continent Casualty Co. v. Theus*, Okl., 592 P.2d 519 [1979].

The 1979 version of § 3636—currently in effect—makes the uninsured motorist coverage applicable *whenever* the tortfeasor's public liability limit is *less than the amount of the plaintiff's claim*, "*regardless* of the amount of coverage of . . . parties in relation to each other" [emphasis mine], and the claim of a § 3636 insured is no longer reduceable by the limit of the tortfeasor's public liability protection.[1] 36 O.S.1981 § 3636(C) and (E). With the passage of the 1979 amendment, the § 3636 coverage became transformed from protection against uninsured or underinsured persons into a veritable first-party automobile personal injury protection from loss occasioned by a motorist with liability limit of less than the asserted claim. *Today*, the extent of the insurer's *direct* § 3636 exposure is vastly greater than under the prior 1968 and 1976[2] versions of our law. That exposure no longer is dependent on a comparison of respective policy limits. Nor may it be diminished by the insurance protection available to the adverse vehicle. The new indemnity of the § 3636 carrier is not *partial* but *total*. Whenever the coverage applies, the insured *gets it all* from the carrier.

### III.

### THE COURT'S PRONOUNCEMENT PROVIDES CASE LAW IRRELEVANT TO LITIGATION STRATEGY PATTERNS LIKELY TO EVOLVE UNDER THE 1979 AMENDMENT TO § 3636

In *Keel v. MFA Insurance Company*, Okl., 553 P.2d 153, 158 [1976], this court made four procedural options available to one who seeks to vindicate rights under an uninsured motorist endorsement.[3] With the 1979 redefinition of § 3636 coverage, there is no longer as great a need for the insured routinely to join as a party-defendant the tortfeasor with insufficient public liability policy limit. It can be expected that more § 3636 claims which exceed the tortfeasor's public liability limit doubtless will be litigated by the insured directly with his insurer. This is so because after the 1979 amendment, the latter stands liable for the *entire* claim that falls under this rubric. Neither the tortfeasor nor his insurer *need* now be brought in as a participant in § 3636 litigation unless the plaintiff's recovery against his own carrier turns out to be less than the tortfeasor's public liability protection. In the wake of the 1979 change, the § 3636 carrier in suit will not often have the opportunity to escape being identified as a party before the jury. In most cases such carrier is apt to be the only party-defendant in the action. *The veil of anonymity provided § 3636 insurers by today's opinion likely will prove more illusory than real.* Of the four alternatives offered by *Keel*, only the first—a suit *directly* and *solely* against the § 3636 carrier—will present a viable initial option to a post-1979 plaintiff who is amply insured. A later action against the tortfeasor—and thus *indirectly* against the latter's insurer—would represent but a contingency to be used in case recovery against the § 3636 carrier be less than the tortfeasor's public liability limit.

---

1. Travis, *Oklahoma: Uninsured/Underinsured Motorist Coverage, Cases and Tactics*, [Oklahoma County Bar Association's CLE, 1979].

2. Okla.Sess.L. 1968 pgs. 163–164 and Okla. Sess.L. 1976 pgs. 32–33.

3. These options are:
   "(1) He may file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action. *Associated Indemnity Corp. v. Cannon*, 536 P.2d 920 (Okl.1975). [Emphasis supplied by the text].

   (2) He may file an action joining both the uninsured motorist and the insurance company as party defendants and litigate all issues of liability and damages in one action.

   (3) He may file an action against the uninsured motorist without joining the insurance company as a party defendant, but give adequate notice of the filing and pendency of such action to the insurance company so they take whatever action they desire, including intervention.

   (4) He may file an action against the uninsured motorist and give no notice to the insurance company."

## IV.

### SUMMARY

Even if the issues tendered to us today were on the merits of the pending suit, I would still deny certiorari. This is so because we are called upon to deal here with obsolescent legal lore that will soon become purely antiquarian. This court's energies should be expended neither on pretrial review of *in limine* rulings nor on the law that was.

I am authorized to state that DOOLIN, J., joins in my views.