Connie PHILLIPS and Frederick
Phillips, Appellants,

v.

OKLAHOMA FARMERS UNION MUTUAL INSURANCE COMPANY, an Oklahoma corporation, Appellee,

v.

Scott GORDON, Third–Party Defendant.

No. 79182.

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 28, 1993.

Ron Collier, Teresa A. Simmons, Collier Law Office, Lawton, for appellants.

Kenneth A. Brokaw, Stewart & Elder, Oklahoma City, for appellee.

## OPINION

BAILEY, Judge:

Connie Phillips and Frederick Phillips (Connie, Frederick or collectively, the Phillips) seek review of the Trial Court's pre-trial orders denying leave to amend and bifurcating trial of the Phillips' claims against the tortfeasor, third-party defendant Scott Gordon (Gordon), and the Phillips' uninsured/underinsured (UM) insurance carrier, Oklahoma Farmers Union Mutual Insurance Company (OFU). Herein, the Phillips assert error of the Trial Court (1) in denying leave to amend by which the Phillips sought to add a bad faith claim against OFU, the effect of which denying the Phillips their rightful option to proceed only against their UM carrier, and (2) in granting OFU's motion to bifurcate, the Trial Court erroneously reasoning that judgment against the tortfeasor constituted a condition precedent to a direct action against the UM carrier.

In October 1988, Connie and Frederick allegedly suffered injury in an automobile accident with Gordon. In September 1990, the Phillips commenced the instant action against Gordon and OFU. OFU answered, denying Gordon was an uninsured/underinsured motorist.

In December 1990, the Trial Court entered a scheduling order prohibiting joinder of parties or amendment of pleadings after January 10, 1991. On January 21, 1991, the Trial Court conducted pre-trial conference; on that date, OFU filed its motion to bifurcate. In the Court's pre-trial order, the Trial Court granted bifurcation.

On April 29, 1991, over four months after the Trial Court's terminal date for amendment and after entry of the Trial Court's order granting bifurcation, the Phillips sought leave to amend to add a bad faith claim against OFU, to which OFU objected. On April 30, 1991, the Phillips dismissed their claims against Gordon without prejudice.

On August 13, 1991, the Trial Court denied Phillips' motion to amend. On August 27, 1991, OFU filed a third-party claim against Gordon and motions to re-align the parties (to again reflect Gordon as a defendant on the Phillips' claims) and to bifurcate. In October 1991, the Trial Court granted the motions to realign/bifurcate.

In January 1992, the matter came on for jury trial. After deliberation, the jury returned a verdict for Gordon on Frederick's claims, and for Connie, finding Gordon eighty percent (80%) negligent and Connie twenty percent (20%) negligent. The jury determined Connie's damages in the sum of $4,500.00, resulting in a net award to Connie

of $3,600.00,[1] a sum less than Gordon's liability insurance limits.

In this appeal, the Phillips do not challenge the jury verdict for Connie and against Frederick. Rather, the Phillips challenge only the Trial Court's rulings denying leave to add a bad faith claim against OFU and granting OFU's motion to bifurcate trial on the Phillips' claims against Gordon and OFU. Thus, the Phillips here assert (1) an undeniable right to proceed directly against their UM carrier, and (2) the inextricable interrelationship of their contract[2] and tort[3] claims against OFU, rendering the Trial Court's orders denying leave to amend and granting bifurcation in error, and mandating new trial.

■■■ We first note that Oklahoma law recognizes a valid cause of action by an insured directly against his/her own UM carrier for bad faith breach of the insurance contract.[4] We further note that an insured may, at his/her option, proceed against the uninsured/underinsured tortfeasor alone, the UM insurer alone or join both in a single action.[5] Trial of issues against both the tortfeasor and the UM carrier in a single action constitutes a matter within the Trial Court's discretion upon a determination of no resulting prejudice to the insurer by trial of the joined claims in a single action.[6]

■■■ In the present case, however, we find no error as alleged. First, the Trial Court retains broad discretion to enforce the provisions of pre-trial orders, and the Trial Court's rulings in such matters will not be disturbed unless affected by abuse of that discretion.[7] Considering that the Phillips' application to amend came over four months after the Trial Court's terminal date for amendment set out in the pre-trial scheduling order, we find no such abuse in the present case. Second, allowance of amendment and bifurcation of trials also fall within the discretionary powers of the Trial Court,[8] and we find no abuse of discretion by the Trial Court in these matters.[9]

■■■ Third, the Phillips' requested amendment does not appear of record, and we are thus unable to determine the grounds for Phillips' bad faith claim.[10] If, however, as the parties suggest, the Phillips grounded

1. That is, the jury's verdict of $4,500.00 reduced by the percentage of Connie's comparative negligence.

2. That is, the Phillips' claims under the express provisions of the insurance policy.

3. I.e., the bad faith claim.

4. See, e.g., Christian v. American Home Assurance Co., 577 P.2d 899 (Okl.1977); McCorkle v. Great Atlantic Ins. Co., 637 P.2d 583 (Okl.1981); Timmons v. Royal Globe Ins. Co., 653 P.2d 907 (Okl.1982); Manis v. Hartford Fire Ins. Co., 681 P.2d 760 (Okl.1984); Buzzard v. Farmers Ins. Co., Inc., 824 P.2d 1105 (Okl.1991).

5. Keel v. MFA Ins. Co., 553 P.2d 153 (Okl.1976).

6. Keel, 553 P.2d at 159. But cf., Buzzard v. McDanel, 736 P.2d 157 (Okl.1987) (Writ of prohibition issued to prevent enforcement of trial court's order bifurcating trial of issue of insured's entitlement to recovery against tortfeasor from issue of insurer's alleged bad faith); with, Tidmore v. Fullman, 646 P.2d 1278 (Okl.1982) (in action against both tortfeasor and UM insurance carrier, trial court could properly submit issues of tortfeasor's negligence and quantum of plaintiff's damages, and upon verdict for plaintiff, thereafter properly determine insurer's liability under policy).

7. Short v. Jones, 613 P.2d 452 (Okl.1980).

8. 12 O.S.1991 §§ 2014, 2018(D). See also, Tidmore v. Fullman, 646 P.2d 1278 (Okl.1982) (in action against both tortfeasor and UM insurance carrier, UM carrier should not be named to the jury).

9. We distinguish the apparent proscription of bifurcation of claims against the tortfeasor from bad faith claims against the plaintiff's UM carrier announced in Buzzard v. McDanel as applicable only where a bad faith claim stands pending. In the present case, the Trial Court denied the Phillips permission to add a bad faith claim.

10. The Phillips attempt to place their proposed amendment before this Court by attachment to their brief in chief. However, "this court may not consider as part of an appellate record any instrument or material which has not been incorporated into the assembled record by a certificate of the clerk of the trial court, nor may a deficient record be supplemented by material physically attached to a party's appellate brief." Chamberlin v. Chamberlin, 720 P.2d 721, 723–724 (Okl.1986); Eckel v. Adair, 698 P.2d 921, 925 (Okl.1984).

their bad faith claim on allegations of OFU's unreasonable failure to affect settlement of the Phillips' claim in excess of the tortfeasor's liability limits and thus within the UM provisions of the Phillips' OFU policy, the jury verdict for Connie in a sum far less than the tortfeasor's minimum liability insurance limit militates against a viable bad faith claim.[11] We therefore hold the Trial Court did not abuse its discretion either in denying the Phillips' application to amend or in granting OFU's motion to bifurcate.

The orders of the Trial Court are therefore AFFIRMED.

HUNTER, P.J., and GARRETT, J., concur.

---

**11.** *Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okl.1978) (bad faith liability imposed only upon clear showing of unreasonable, bad faith withholding of otherwise valid claim); *Buzzard v. Farmers Ins. Co., Inc.,* 824 P.2d 1105 (Okl.1991) (if UM insurer determines, after investigation, that claim does not exceed liability limits, and such evaluation is supported by reasonable evidence, UM insurer may properly delay payment of the claim).