No. 56,896

Harlan A. Haas, *Appellant*, v. Mark S. Freeman and Horace Mann Insurance Company, *Appellees*.

(693 P.2d 1199)

Opinion filed January 26, 1985.

*Richard T. Merker*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, argued the cause and was on the briefs for the appellant Harlan A. Haas.

*Edward M. Boyle*, of Payne & Jones, Chartered, of Olathe, argued the cause and *Bruce Keplinger*, of the same firm, was with him on the brief for appellee Mark S. Freeman.

*Mark Beam-Ward*, of Couch, Strausbaugh & Pierce, Chartered, of Overland Park, argued the cause and *Hal Pierce*, of the same firm, was with him on the brief for the cross-appellant Horace Mann Insurance Company.

*Fletcher Bell*, Commissioner of Insurance, Kansas Insurance Department, and *Pamela Sjoholm*, special assistant attorney general, Kansas Insurance Department, were on the brief amicus curiae.

The opinion of the court was delivered by

Herd, J.: This is an interlocutory appeal in a tort action arising out of an automobile accident between Harlan A. Haas, plaintiff-appellant, and Mark S. Freeman, defendant-appellee. Horace Mann Insurance Company, appellant's insurer, was joined as a party defendant under the underinsured motorist provision of K.S.A. 40-284. The trial court dismissed the insurance company to prevent the potential jury prejudice of having an insurance

company as a named party but ruled the insurance company would be bound by any judgment rendered.

On January 5, 1982, at 63rd Street and Ward Parkway, in Kansas City, Missouri, Mark S. Freeman and Harlan A. Haas were involved in an automobile accident with each other. As a result of the accident, Haas suffered physical injuries. Haas brought suit against Freeman for recovery of his damages.

During the initial stages of the action, it was discovered Mark Freeman was an underinsured motorist. At the time of the accident, Freeman had a policy of insurance with Farmers Insurance Company for automobile liability coverage in the amount of $25,000. Freeman's insurance coverage was insufficient for the damages claimed by Haas as a result of Freeman's alleged negligent acts. At the time of the collision Haas had in effect an insurance policy with Horace Mann Insurance Company for coverage in the amount of $100,000. Haas was granted a motion to amend his petition to bring suit against Horace Mann Insurance Company, contending Freeman was an underinsured motorist. Horace Mann filed a motion to be dismissed from this suit. The district court dismissed Horace Mann Insurance Company from the suit, but held it would be bound by any judgment rendered in the action above appellee Freeman's insurance limits.

Haas was then granted a motion allowing him to take an interlocutory appeal on this ruling.

The primary issue raised by appellant's interlocutory appeal is whether a plaintiff's insurance company may be included in an action against a tortfeasor when the tortfeasor is an underinsured motorist.

In 1968, the Kansas Legislature enacted the uninsured motorist statute, K.S.A. 40-284. This statute allowed motorists who incurred damages in an automobile accident with an individual who had no automobile insurance to recover from their own insurance company, limited by the amount of their liability coverage. The 1981 legislature amended the law to include within the uninsured motorist statute provisions for coverage for underinsured motorists. This section of the statute provides:

"Any uninsured motorist coverage shall include an underinsured motorist provision which enables the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to

which the insured is legally entitled from the owner or operator of another motor vehicle with coverage limits equal to the limits of liability provided by such uninsured motorist coverage to the extent such coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle."

We must now consider whether our interpretations of the uninsured motorist statute also apply to the underinsured motorist. Appellant argues prior case law concerning uninsured motorists should also apply to underinsured motorists. Appellant argues this was the legislative intent since the underinsured motorist coverage appears as an "inclusion" in uninsured motorist coverage, according to the statutory langauge. In the brief of the State Commissioner of Insurance, submitted as *amicus curiae*, the same argument is made. The insurance commissioner alleges it was the legislative intent for prior case law concerning uninsured motorist coverage to apply also to underinsured motorist coverage. As evidence of this intent, the commissioner notes that the two provisions were included within the same statute, and that the statutory language itself states the underinsured motorist provision is included within uninsured motorist coverage. The commissioner thereby concludes they are not separate entities or coverage programs, but rather one includes the other.

Appellees argue the two cannot be compared because of their distinct differences. Appellee Freeman notes that ordinarily in an uninsured motorist coverage case the only attorney opposing plaintiff is plaintiff's insurance company's attorney, while in an underinsured motorist coverage case the defendant is represented already by his insurance company's attorney. Without citing any authority, Freeman concludes this situation is therefore like an excess liability insurance carrier suit where there is no authority for direct suits in Kansas.

Appellee Horace Mann Insurance Company argues in an uninsured motorist case the defendant usually has no attorney, since he has no insurance, so it is a waste of plaintiff's and the court's time to require suit against the defendant and then against the plaintiff's insurance company. Thus, Horace Mann concludes direct actions should be allowed in the case of an uninsured motorist, but not in the case of an underinsured motorist. Appellee also argues the issue of insurance is irrelevant and prejudicial in an underinsured motorist case, but is not in an

uninsured motorist case. Appellant argues it is irrelevant because the issue in an underinsured case is fault and the extent of plaintiff's damages, not the insurance coverage.

Appellee's argument that uninsured motorist court cases should not be applied to underinsured cases is an attempt to avoid the application of this court's decision in *Winner v. Ratzlaff*, 211 Kan. 59, 65, 505 P.2d 606 (1973), to this case. In *Winner*, we held:

"We think an insured who has a claim against an uninsured motorist has three options open to him, complying, of course, in each with policy provisos consonant with the statute: He may file an action directly against his uninsured motorist liability carrier without joining the uninsured motorist as a party defendant; he may file an action joining both the insurer and the uninsured motorist as party defendants; or, he may file an action against the uninsured motorist alone without joining the insurer as a party defendant. In each of these options he may litigate all of the issues of liability and damages [citation omitted]."

*Winner*, therefore, stands for the proposition that a plaintiff may include his own insurance company in a suit against the tortfeasor when there is an issue of uninsured motorist coverage. Appellant argues the legislative intent of the underinsurance provisions was to apply all prior uninsurance case law to the new underinsurance statute. Pursuant to *Winner*, this would allow the inclusion of the insurance company in the suit against the tortfeasor also in cases of underinsured motorist coverage.

Appellant cites cases in several other states which purportedly recognize that uninsured motorist coverage includes underinsured motorist coverage. See *Connolly v. Royal Globe Ins. Co.*, 455 A.2d 932, 935 (Me. 1983); *Kobert v. Zarem, et al.*, 437 So.2d 730, 731 (Fla. Dist. App. 1983); *Yamamoto v. Premier Ins. Co.*, 4 Hawaii App. 429, 668 P.2d 42 (1983); *Nationwide Insurance Company v. Gode*, 187 Conn. 386, 446 A.2d 1059 (1982); *U. S. Fidelity & Guaranty v. State Farm Mut. Auto.*, 369 So.2d 410, 411 (Fla. Dist. App. 1979). Appellees argue these cases are not persuasive since they deal with separate actions against the tortfeasor and that of the plaintiff's insurance company; they occurred in states which explicitly allow a direct action against an insurance company; or they were cases to the court, rather than a jury.

Appellee Freeman cites an Alabama case where it was held the primary nature of the tortfeasor's insurance policy required

that recovery first be had under the tortfeasor's policy prior to bringing an action for underinsured motorist coverage under the uninsured motorist provisions of the plaintiff's policy. See *Gaught v. Evans*, 361 So. 2d 1027 (Ala. 1978).

Appellee also cites an Oklahoma case where the Supreme Court considered whether, in a personal injury action arising out of a motor vehicle accident where plaintiff sues defendant and also sues plaintiff's insurance carrier alleging the defendant was underinsured, evidence of the liability insurance policy limits of the defendant, the policy concerning underinsured motorist coverage issued to the plaintiff, and the identity of the insurance company issuing the policy were admissible. The state supreme court held they were inadmissible and stated:

"What remains is simply the determination of whether the trial court should permit evidence to be presented to the jury of the name of both insurers and the terms of their respective insurance policies where, because of the stipulations entered in the case, such evidence could not tend to prove or disprove any unresolved issues in the case and could only serve to prejudice the jury by advising its members that any judgment for the plaintiff to the extent that it exceeds the underinsured defendant's coverage up to the underinsured motorist's policy limits will be paid by plaintiff's insurance carrier. The only justification for such a ruling is plaintiff's asserted right to control the *manner* in which his lawsuit shall proceed which plaintiff postulates includes the right to place before the jury the names of both plaintiff's insurer and defendant's insurer, together with the terms of the respective policies. In contrast to plaintiff's asserted right is the right of plaintiff's insurer to a fair and impartial jury unhampered by the obviously prejudicial impact of unnecessarily and forcefully having thrust upon their minds the fact that plaintiff's damages will be paid wholly or in substantial part by plaintiff's insurer. When placed in proper perspective, we believe the plaintiff's asserted right becomes more illusory than substantial. We therefore hold that plaintiff's insurer is a proper party to the lawsuit. However, evidence as to the names of both insurers and the terms of their respective policies should be withheld from the jury. The issue of the defendant motorist's negligence and the fact and quantum of plaintiff's damages may thus be fairly submitted to the jury. In the event that verdict is rendered in favor of the plaintiff, the trial court, armed with the stipulations entered in the case, can properly determine plaintiff's insurer's ultimate liability under the terms of the respective policies, and enter judgment accordingly." *Tidmore v. Fullman*, 646 P.2d 1278, 1282-83 (Okla. 1982).

Appellee Freeman argues *Tidmore* stands for the rule that public policy is best served by an impartial jury which does not have before it information concerning the insurance coverage applicable in the case. Appellee contends this is also consistent

with Kansas law as stated in K.S.A. 60-454, which prohibits the mention of insurance in a trial.

Appellant argues public policy does not favor multiple litigation. *Tidmore's* inclusion of all the parties seems to support this argument. Further, in *Winner* this court held: "Multiple litigation is never desirable and there is a public interest economically in avoiding it wherever possible to do so in a fair and workable manner." 211 Kan. at 65. Thus, if the plaintiff is precluded from including his insurer in a case involving an underinsured motorist, the plaintiff will be required to bring an action to prove liability and damages against the tortfeasor, and then bring a separate action against plaintiff's insurer for any coverage over the policy limits of the defendant. This would entail two separate lawsuits instead of one.

Further, if plaintiff's insurance company were excluded from the trial against the tortfeasor, the insurance company would have to rely on the tortfeasor's attorney to litigate the issues of damages and liability. The only issue remaining in plaintiff's separate suit against his insurance carrier would be the contractual issue of whether he is entitled to underinsured motorist coverage. This would certainly work a disadvantage to insurance companies.

In light of the potential prejudice to the insurance company, the district court ruled in this case that the insurance company was a proper party in the case, but the court went on to dismiss it from the suit due to any prejudice which might occur by having it named at trial. The court held, however, the insurance company would be bound by any judgment in the trial.

We reiterate our previous conclusions in *Winner* that all issues in a lawsuit should be tried in one trial. Multiplicity of suits does not promote substantial justice. Thus, the issues in cases involving uninsured motorists and underinsured motorists should be tried in one lawsuit. However, we are persuaded underinsured motorist claims are sufficiently distinguishable from uninsured motorist claims to require different procedures. In the underinsured motorist case there is always an active opposing party and his insurer. Also the fact of underinsurance is an unresolved issue. To require both insurance carriers to be party defendants would present a confusing panorama to the jury and could so overemphasize the insurance feature of the lawsuit the real issues would become unimportant. For these reasons we hold in

an action involving an underinsured motorist, the parties shall proceed as follows:

When the litigant determines the opposing party's liability coverage is below the litigant's liability coverage as well as the amount of damages claimed, and he wishes to invoke the underinsured motorist clause of his insurance policy, he shall notify his insurance carrier in the manner prescribed in the insurance policy.

The insurance company may then intervene in the case at its election. If it elects to intervene, it shall be a named party to the action. If the insurance company elects not to intervene, K.S.A. 60-454 is applicable. In either case the litigant's underinsured motorist insurance carrier is bound by any judgment obtained in the action.

The next issue is whether appellee Horace Mann Insurance Company's cross-appeal is proper. We have consistently held the right to an appeal is neither a vested nor a constitutional right, but is strictly statutory in nature. This right may be limited by the legislature to any class of cases, or in any manner, or it may be withdrawn completely. See *In re K-Mart Corp.*, 232 Kan. 387, Syl. ¶ 2, 654 P.2d 470 (1982). In the instant case appellant Harland Haas sought an appeal pursuant to K.S.A. 60-2102, which allows interlocutory appeals. Haas properly fulfilled the requirements of the statute which requires the party seeking the appeal to obtain a statement in writing from the district court judge that the order from which appeal is sought involves a controlling question of law in the case as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Appellee Horace Mann Insurance Company filed a cross-appeal in this case raising the issue of whether plaintiff's insurance policy provided for underinsured motorist coverage, by merely filing a notice of appeal. This procedure is not in accordance with K.S.A. 60-2102, since it did not seek and was not granted an interlocutory appeal by the trial court. Appellee argues its failure to follow the statutory procedure is not fatal to its cross-appeal, citing *Vaughn v. Murray*, 214 Kan. 456, 521 P.2d 262 (1974). In *Vaughn* we held:

"Under . . . K.S.A. 60-2103(h) . . . it has been held that a cross-appellee may obtain a review of all rulings adverse to him, interlocutory or otherwise, when such rulings may on remand affect the subsequent course of the

proceedings. It is, of course, necessary that a cross-appeal be perfected in order for an appellee to obtain a review of such rulings." 214 Kan. at 462.

Appellee argues this holding allows any cross-appeals to be filed by the mere filing of a notice of appeal when an interlocutory appeal has already been filed. The final sentence of the holding indicates otherwise. We held specifically that the cross-appeal must be "perfected." In order to perfect an appeal the statutory procedure must be fulfilled, which was not done in this case.

Appellant Harlan Haas also indicates the cross-appeal was not filed within the statutory time period. We have held the timely filing of a cross-appeal is jurisdictional. See *Patrons Mutual Ins. Ass'n. v. Norwood*, 231 Kan. 709, 710, 647 P.2d 1335 (1982).

K.S.A. 60-2103(h) requires a cross-appeal to be filed within twenty days after the notice of appeal has been served upon the cross-appellant and filed with the clerk of the trial court. In the instant case, the notice of appeal was filed by appellant Harlan Haas on May 7, 1984. Cross-appellant Horace Mann Insurance filed its notice of cross-appeal on June 5, 1984. This was twenty-nine days after the filing of the notice of appeal by appellant. For the foregoing reasons we conclude we do not have jurisdiction to hear the cross-appeal.

Finally, appellant Harlan Haas argues that he is entitled to attorney fees and costs pursuant to Supreme Court Rule 7.07(b), 232 Kan. cxviii. This rule allows such recovery in frivolous appeals. We have reviewed the record and conclude this appeal is not frivolous.

The judgment of the trial court is affirmed as modified.