521 So.2d 1309 (1988)
Nelda Pillow LOWE and James Lowe
v.
NATIONWIDE INSURANCE COMPANY.
86-1149.
Supreme Court of Alabama.
February 26, 1988.
David B. Carnes of Carnes, Wamsley, Waid & Hyman, Gadsden, for appellants.
James D. Pruett of Pruett, Turnbach & Warren, Gadsden, for appellee.
JONES, Justice.
Counsel for the appellants aptly states the issue presented: "Whether an insured may file a claim for underinsured motorist coverage against his or her own insurer in the same lawsuit with the insured's claim against the alleged underinsured motorist and litigate all the issues in one proceeding. Put another way, must a motorist covered by a valid automobile liability policy of insurance, including uninsured motorist coverage, first sue the alleged negligent motorist and obtain a judgment prior to asserting a claim for underinsured motorist coverage?"[1]
The trial court answered the first of these two alternative questions in the negative, granted the insurer's motion for summary judgment, and certified the judgment as final, pursuant to Rule 54(b), A.R.Civ.P.[2]
Three separate, underlying considerations are essential to our disposition of this first-impression case: 1) that of protecting the right of the insurer to know of, and participate in, the suit; 2) that of protecting the right of the insured to litigate all aspects of his claim in a single suit ("Separate trials of the same issues and facts are a waste of time and money, and should be avoided if possible," Wall v. Hodges, 465 So.2d 359 (Ala.1984)); and 3) that of protecting the liability phase of the trial from the introduction of extraneous and corrupting influences, namely, evidence of insurance. Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala.1977).
With an admirable degree of professional candor, counsel for the insurer confesses error in the judgment appealed from. We quote directly from the appellee's brief:
"After reflecting on the question involved and upon the decision of the trial court, it is the conclusion of Nationwide *1310 that it led the trial court into error by moving for summary judgment. It is also the conclusion of Nationwide that the proper disposition of this appeal is to reverse the granting of the summary judgment in its favor but to do so [with instructions] as to the further direction of the case which will effect a proper balancing of the [three underlying considerations set out above]."
We accept counsel's confession of error and agree that our reversal should be accompanied by instructions as to the appropriate proceeding upon remand of this cause.
We believe that each of the three relevant considerations can be accommodated in a manner substantially as suggested by the parties: A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. The results of either choice parallel those set out abovewhere the insurer is joined as a party defendant. Whether the choice is timely made is left to the discretion of the trial court, to be judged according to the posture of the case. In either event, the trial court could then fashion its judgment accordingly. For two cases from other jurisdictions, reaching similar results, see Tidmore v. Fullman, 646 P.2d 1278 (Okla.1982), and Haas v. Freeman, 236 Kan. 677, 693 P.2d 1199 (1985).
We note that, in the instant case, the alleged tort-feasor's liability insurer and the plaintiffs' underinsured motorist insurer are the same company. The problems of confidence in defense counsel and the knowledge of applicable limits do not exist. The suggested procedure seems unimpeachable under these circumstances, as well as being readily adaptable to other underinsured motorist claims.
We conclude with our compliments to each of the lawyers for conduct consistent with the highest standards of the profession.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
I agree with the result reached in this case, but only because the appellee has confessed error, and has agreed that this Court should reverse the summary judgment in its favor, and has requested instructions on how the case should proceed.
Obviously, the avoidance of a multiplicity of law suits is to be encouraged, because separate trials of the same issues and facts are a waste of time and money, and should be avoided, if possible. Stoughton v. Cole Supply Co., 273 Ala. 383, 141 So.2d 173 (1962); Wall v. Hodges, 465 So.2d 359 (Ala. 1984). However, the trial of the case should be protected from the infection and prejudicial effect of showing that a part or all of the recovery will be from an insurance company instead of from the tort-feasor. See Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala.1978).
Our Rules of Civil Procedure are quite specific about the joinder of claims and remedies when there is liability insurance coverage involved. Rule 18(c), Ala.R. Civ.P., provides that "[i]n no event shall this or any other rule be construed to permit *1311 a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured."
In the commentary to Rule 42, involving consolidation of trials, it is stated:
"These rules made severance mandatory where a damage claim and a liability insurance coverage question are presented in the same jury action. See Rule 18(c). By the same token, Rule 18(c) precludes consolidation when the issues are presented in separate jury actions."
I believe that our rules of civil procedure specifically grant to an insurer the right to have any coverage claim decided by a separate jury.
The majority cites Tidmore v. Fullman, 646 P.2d 1278 (Okla.1982), and Haas v. Freeman, 236 Kan. 677, 693 P.2d 1199 (1985), as examples of cases from other jurisdictions that establish a procedure similar to the one adopted here. The appellee also calls these cases to our attention, but those two jurisdictions may not have the limitation on the joinder of claims and remedies and the consolidation of trials that we specifically included in our Rules of Civil Procedure for a specific purpose when "liability insurance coverage" is involved. See Rule 18(c).
As we know, our Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, but I would point out that there are no provisions in Federal Rule 18 that correspond to the language contained in our Rule 18(c). As a member of this Court when these Rules were adopted, I believe that there was a specific reason for the inclusion of the language of Rule 18(c), and that specific purpose was to prevent the interjection of the fact that a party had liability insurance coverage that might pay some or all of the claim.
Because of the foregoing principle, the statement in the majority opinion to the effect that "[u]nder either election, the insurer would be bound by the trier of fact's decisions on the issues of liability and damages," is especially troubling to me. I think that the statement is much too broad. What if, for example, there was collusion on the part of the uninsured motorist and the plaintiff? How could the insurer get the "cooperation" of the uninsured motorist when he or she would not be bound by contractual provisions to "cooperate" with the insurer? The statement that the insurer would be bound by the trier of fact's decisions on the issues of both liability and damages is lifted from the Kansas case of Haas, supra. I have not checked the Kansas rules or statutes to determine whether that state has a provision similar to our Rule 18(c).
I would be remiss, however, if I did not point out that this Court may have established a similar rule in the case of Cooper v. Aplin, 523 So.2d 339 (Ala.1988). In that case this Court held that an insured who recovered a claim made under the provisions of his uninsured motorist policy, and who was paid that claim by the insurer, was precluded from suing the alleged uninsured tort-feasor. Of course, I believe that case was incorrectly decided, for the reasons I set forth in my dissent in that case. 523 So.2d at 341.
This Court, by rule and case law, has been very careful not to allow the interjection of liability insurance coverage into the trial of a lawsuit. I am of the opinion that our case law is to the effect that an insurer has a right to have its liability on its policy established independently, if it so desires. While a jury verdict rendered in the plaintiff's action against an uninsured or underinsured tort-feasor would be admissible to prove the extent of the liability of the insurer under the terms of its policy, I do not believe it should be binding on the insurer. In balancing the desirable principle of preventing a multiplicity of lawsuits against the right of the insurer to prevent the interjection of liability insurance coverage into the trial of the main case, I believe Alabama has opted to give greater weight to the latter principle. See Rule 18(c) and Rule 42, Ala.R.Civ.P. Consequently, I concur in the result only because the insurer, in this case, has confessed error. I would point out also that in this case the alleged tort-feasor's liability insurer and the plaintiffs' carrier of underinsured motorist coverage *1312 are the same company. I can see situations in which the interests of the carrier of underinsured motorist coverage and the alleged tort-feasor's carrier could be in conflict.
As I view cases of this nature, the claim of an insured against his own carrier of uninsured or underinsured motorist coverage, whether disputed or not, depends on the liability of the uninsured motorist. State law mandates that insurers offer uninsured motorist coverage to persons insured under the provisions of automobile liability insurance policies, and insureds have a right to reasonably expect that payment will be made on just claims made under the policy. I believe that the best rule would be to provide that any claim on the contract be filed and decided independently of the tort claim, unless, of course, the insurer wanted to intervene or consent to have the issue of its liability on the policy determined in the same proceeding, as is the case here now that the insurer has confessed error. I would dissent in this case, as I did in Cooper v. Aplin, but for the fact that the insurer here has confessed error.
NOTES
[1] As statutorily defined, " un insured motorist" includes underinsured" motorist. Code 1975, § 32-7-23(b).
[2] As the statement of the issue indicates, the plaintiffs sued both their insurer and the alleged underinsured motorist in one action.