I agree with the result reached in this case, but only because the appellee has confessed error, and has agreed that this Court should reverse the summary judgment in its favor, and has requested instructions on how the case should proceed.
Obviously, the avoidance of a multiplicity of law suits is to be encouraged, because separate trials of the same issues and facts are a waste of time and money, and should be avoided, if possible. Stoughton v. Cole Supply Co., 273 Ala. 383,141 So.2d 173 (1962); Wall v. Hodges, 465 So.2d 359 (Ala. 1984). However, the trial of the case should be protected from the infection and prejudicial effect of showing that a part or all of the recovery will be from an insurance company instead of from the tort-feasor. See Robins Engineering, Inc. v. Cockrell,354 So.2d 1 (Ala. 1978).
Our Rules of Civil Procedure are quite specific about the joinder of claims and remedies when there is liability insurance coverage involved. Rule 18(c), Ala.R.Civ.P., provides that "[i]n no event shall this or any other rule be construed to permit *Page 1311 
a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured."
In the commentary to Rule 42, involving consolidation of trials, it is stated:
 "These rules made severance mandatory where a damage claim and a liability insurance coverage question are presented in the same jury action. See Rule 18(c). By the same token, Rule 18(c) precludes consolidation when the issues are presented in separate jury actions."
I believe that our rules of civil procedure specifically grant to an insurer the right to have any coverage claim decided by a separate jury.
The majority cites Tidmore v. Fullman, 646 P.2d 1278 (Okla. 1982), and Haas v. Freeman, 236 Kan. 677, 693 P.2d 1199 (1985), as examples of cases from other jurisdictions that establish a procedure similar to the one adopted here. The appellee also calls these cases to our attention, but those two jurisdictions may not have the limitation on the joinder of claims and remedies and the consolidation of trials that we specifically included in our Rules of Civil Procedure for a specific purpose when "liability insurance coverage" is involved. See Rule 18(c).
As we know, our Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, but I would point out that there are no provisions in Federal Rule 18 that correspond to the language contained in our Rule 18(c). As a member of this Court when these Rules were adopted, I believe that there was a specific reason for the inclusion of the language of Rule 18(c), and that specific purpose was to prevent the interjection of the fact that a party had liability insurance coverage that might pay some or all of the claim.
Because of the foregoing principle, the statement in the majority opinion to the effect that "[u]nder either election, the insurer would be bound by the trier of fact's decisions on the issues of liability and damages," is especially troubling to me. I think that the statement is much too broad. What if, for example, there was collusion on the part of the uninsured motorist and the plaintiff? How could the insurer get the "cooperation" of the uninsured motorist when he or she would not be bound by contractual provisions to "cooperate" with the insurer? The statement that the insurer would be bound by the trier of fact's decisions on the issues of both liability and damages is lifted from the Kansas case of Haas, supra. I have not checked the Kansas rules or statutes to determine whether that state has a provision similar to our Rule 18(c).
I would be remiss, however, if I did not point out that this Court may have established a similar rule in the case ofCooper v. Aplin, 523 So.2d 339 (Ala. 1988). In that case this Court held that an insured who recovered a claim made under the provisions of his uninsured motorist policy, and who was paid that claim by the insurer, was precluded from suing the alleged uninsured tort-feasor. Of course, I believe that case was incorrectly decided, for the reasons I set forth in my dissent in that case. 523 So.2d at 341.
This Court, by rule and case law, has been very careful not to allow the interjection of liability insurance coverage into the trial of a lawsuit. I am of the opinion that our case law is to the effect that an insurer has a right to have its liability on its policy established independently, if it so desires. While a jury verdict rendered in the plaintiff's action against an uninsured or underinsured tort-feasor would be admissible to prove the extent of the liability of the insurer under the terms of its policy, I do not believe it should be binding on the insurer. In balancing the desirable principle of preventing a multiplicity of lawsuits against the right of the insurer to prevent the interjection of liability insurance coverage into the trial of the main case, I believe Alabama has opted to give greater weight to the latter principle. See Rule 18(c) and Rule 42, Ala.R.Civ.P. Consequently, I concur in the result only because the insurer,in this case, has confessed error. I would point out also that in this case the alleged tort-feasor's liability insurer and the plaintiffs' carrier of underinsured motorist coverage *Page 1312 
are the same company. I can see situations in which the interests of the carrier of underinsured motorist coverage and the alleged tort-feasor's carrier could be in conflict.
As I view cases of this nature, the claim of an insured against his own carrier of uninsured or underinsured motorist coverage, whether disputed or not, depends on the liability of the uninsured motorist. State law mandates that insurers offer uninsured motorist coverage to persons insured under the provisions of automobile liability insurance policies, and insureds have a right to reasonably expect that payment will be made on just claims made under the policy. I believe that the best rule would be to provide that any claim on the contract be filed and decided independently of the tort claim, unless, of course, the insurer wanted to intervene or consent to have the issue of its liability on the policy determined in the same proceeding, as is the case here now that the insurer has confessed error. I would dissent in this case, as I did inCooper v. Aplin, but for the fact that the insurer here has confessed error.