No. 65,424

WILBERN RAMSEY, SR., *Appellee*, v. HENRY H. CHISM, d/b/a CHISM'S TRASH SERVICE, *Appellee*, and SHELTER INSURANCE COMPANIES, *Appellant*.

and

No. 65,425

LEOLA RAMSEY, *Appellee*, v. HENRY H. CHISM, d/b/a CHISM'S TRASH SERVICE, *Appellee*, and SHELTER INSURANCE COMPANIES, *Appellant*.

(817 P.2d 198)

Opinion filed September 13, 1991.

*Allen G. Glendenning*, of Turner and Boisseau, Chartered, of Great Bend, argued the cause and was on the briefs for appellant.

*Michael S. Holland*, of Russell, argued the cause and was on the brief for appellees Ramsey.

The opinion of the court was delivered by

HERD, J.: This case is an interlocutory appeal from tort actions brought by Wilbern Ramsey and Leola Ramsey against Henry Chism, d/b/a Chism's Trash Service, for injuries they suffered in an automobile accident. Shelter Insurance Companies (Shelter), the Ramseys' automobile liability insurer, was joined as a party defendant under the underinsured motorist provision of K.S.A. 1990 Supp. 40-284. Shelter appeals the trial court's ruling that it is a proper party to the action. The Ramsey cases were consolidated for appeal.

The facts of this case are not an issue and, therefore, are briefly stated. On July 29, 1989, Henry Chism was operating a motor vehicle which collided with an automobile driven by Wilbern Ramsey and in which Leola Ramsey was a passenger. Wilbern alleges damages of $879,889.76 and Leola claims $580,366.11 in damages.

After filing suit, the Ramseys learned Chism's insurance coverage was inadequate to compensate them for their injuries. On November 14, 1989, the Ramseys notified Shelter of Chism's underinsured standing and advised Shelter of their intent to proceed against it pursuant to K.S.A. 1990 Supp. 40-284(b) as their underinsured motorist insurance carrier. In response, Shelter informed the Ramseys it did not consider their letter an actual demand for underinsured motorist coverage because it failed to comply with the statutory requirements of K.S.A. 1990 Supp. 40-284(f) and, therefore, Shelter did not consider the 60-day period to have commenced.

On December 7, 1989, the Ramseys notified Shelter of a tentative settlement offer from Chism's insurance carrier, Travelers Insurance Company (Travelers). The settlement offer proposed a $55,700.00 payment up front and structured payments totalling $92,000 paid through January 1, 1996. Travelers' policy provided liability coverage for a total of $125,000 per event.

Shelter responded that the Ramseys' claim for underinsured motorist benefits was premature. It also denied compliance with K.S.A. 1990 Supp. 40-284(f) based on Travelers' failure to offer its policy limits, and because there was no indication whether the settlement offer was for Wilbern's claim, Leola's claim, or both claims.

Shelter was subsequently notified by Travelers that two settlement offers had been proposed. Each proposal offered structured payments which exhausted its bodily injury policy limit of $125,000.

Once again, Shelter informed the Ramseys it had not received proper notice and, therefore, 40-284(f) was not in effect. In addition, Shelter continued to assert that Travelers' settlement offer failed to exhaust its total coverage and did not separate the claims of Wilbern and Leola.

Thereafter, the Ramseys filed a motion to join Shelter as a contingently necessary party. Shelter argued the ruling in *Haas v. Freeman,* 236 Kan. 677, 693 P.2d 1199 (1985), prevented an underinsured motorist insured from forcing an underinsured motorist insurer involuntarily into a tort action. The trial court determined that Travelers' settlement offer and its assertion that the offer exhausted the applicable policy limits removed the case from the holding of *Haas v. Freeman.* In addition, the trial court found that the Ramseys were not required to obtain a judgment against the tortfeasor, Chism, in order to join their own insurance carrier for resolution of issues concerning underinsured motorist coverage. Shelter appeals.

The issue presented in the case at hand is whether an insured is precluded from joining his underinsured motorist carrier in an action against the underinsured tortfeasor when liability and damages are not at issue but contract issues are in dispute.

The Ramseys contend the procedure established by *Haas* does not apply to them because Chism's insurance carrier has offered to settle the claim. Thus, there is no disputed issue concerning liability or the amount of damages. The Ramseys allege it is inequitable and a violation of substantial justice to require them to bring suit against Chism and obtain a judgment before they can bring a second suit against Shelter to recover underinsured motorist benefits.

The Ramseys further allege they are precluded from accepting Travelers' settlement offer because Shelter has already asserted that acceptance would violate the requirements of 40-284(f) and, therefore, waive any contract obligations that may have existed. Thus, they contend the contract issues must be adjudicated in the same lawsuit as the damages and liabilities suit in order to avoid the trial costs of a second lawsuit. The Ramseys suggest the trial court could decide the issues pertaining to Shelter outside the presence of the jury to prevent any possibility of jury prejudice arising from the mention of insurance. Then, if the trial court ruled Shelter was correct, in that Travelers failed to offer its policy limits or that improper notice was given to Shelter, the court could dismiss Shelter from the action and the Ramseys would reject Travelers' offer and try the negligence issue. If, on the other hand, Shelter was wrong, the Ramseys argue they could

accept Travelers' settlement offer and proceed against Shelter for underinsured motorist benefits, still within the same lawsuit.

Shelter contends it has exercised its statutory option not to intervene in the tort action. Therefore, the Ramseys must complete their tort action before they pursue any contract claims and are prohibited from mixing the issues in a single lawsuit. Shelter asserts that if the Ramseys settle with Travelers for less than the policy limits they will not be entitled to underinsured motorist benefits. However, if the Ramseys settle for Chism's policy limits they may file a claim against Shelter according to the procedures established by 40-284(f). Finally, Shelter contends, in the event of settlement, Chism's liability should be determined in the contract litigation rather than by the settlement provisions.

In 1981, the Kansas Legislature amended K.S.A. 40-284 (Weeks) to require that all automobile liability insurance policies include uninsured *and underinsured* motorist coverage. The amended statute allows the insured to recover from its own insurance carrier the amount of damages for bodily injury or death which the insured is legally entitled to from the owner/operator of another motor vehicle. The insured's recovery, however, is limited to the amount of damages which exceeds the tortfeasor's liability policy limits and by the insured's underinsured motorist coverage. K.S.A. 1990 Supp. 40-284(b).

In *Haas v. Freeman*, 236 Kan. 677, we considered the procedure an insured must employ to bring a claim for underinsured motorist benefits against his underinsured motorist carrier. In our analysis of whether an underinsured insurer could be included in an insured's action against an underinsured tortfeasor, we examined uninsured motorist case law and concluded the insured could join his own insurance carrier in a suit against the tortfeasor when there was an issue of uninsured motorist coverage. 236 Kan. at 680 (citing *Winner v. Ratzlaff*, 211 Kan. 59, 65, 505 P.2d 606 [1973]). However, we also recognized distinct differences existed between uninsured and underinsured motorist claims.

In *Haas*, we reiterated our belief that substantial justice is not provided when all issues are not tried in one lawsuit. We concluded, however, this rule could not be applied to underinsured motorist claims the same as it is applied to uninsured motorist claims. First, unlike the uninsured action, the opposing tortfeasor

and his insurance carrier are actively involved in the underinsured motorist action. Second, the fact of underinsurance is an unresolved issue. Finally, we determined joinder of both insurance carriers would confuse the jury and overemphasize the insurance feature of the lawsuit. 236 Kan. at 682.

Based upon the foregoing factors, we established the following procedure for an underinsured motorist claim. The underinsured must notify his insurer of an intent to invoke the underinsured motorist clause of his policy in the manner prescribed by the insurance policy. Then, unlike an uninsured motorist claim, the insurer has the *option* to elect to intervene in the case and become a named party or opt not to intervene, in which case no evidence of insurance would be allowed in the tort action. Under either option the insurer is bound by the judgment obtained. 236 Kan. at 683.

The conflict between the Ramseys and Shelter was contemplated by this court in *Haas* and was the basis for rejecting the argument that joinder is preferred over multiple litigation. In *Haas*, we found that an underinsured motorist carrier should not be joined in the tort action where underinsurance remained an unresolved issue. 236 Kan. at 682. Underinsurance and Chism's policy limits quite definitely remain unresolved in the present action. In addition, Chism and Travelers are active parties in the lawsuit, another reason provided in *Haas* for not allowing joinder. Finally, the presence of Travelers and Shelter in the same suit would naturally and prejudicially emphasize the insurance feature of this lawsuit. The distinct features of an underinsured motorist claim preclude the accomplishment of substantial justice through a single lawsuit and must allow the possibility of multiple litigation to preserve the rights of all parties involved. For these reasons, we hold *Haas* is applicable to the present action.

The Ramseys' argument that application of K.S.A. 1990 Supp. 40-284(f) requires all contract issues to be adjudicated in the same action as the damages and liabilities lawsuit is misplaced. K.S.A. 1990 Supp. 40-284(f) provides:

"(f) An underinsured motorist coverage insurer shall have subrogation rights under the provisions of K.S.A. 40-287 and amendments thereto. If a tentative agreement to settle for liability limits has been reached with an underinsured tortfeasor, written notice must be given by certified mail to

the underinsured motorist coverage insurer by its insured. Such written notice shall include written documentation of pecuniary losses incurred, including copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers. Within 60 days of receipt of this written notice, the underinsured motorist coverage insurer may substitute its payment to the insured for the tentative settlement amount. The underinsured motorist coverage insurer is then subrogated to the insured's right of recovery to the extent of such payment and any settlement under the underinsured motorist coverage. If the underinsured motorist coverage insurer fails to pay the insured the amount of the tentative tort settlement within 60 days, the underinsured motorist coverage insurer has no right of subrogation for any amount paid under the underinsured motorist coverage."

The foregoing statute is concerned with the subrogation right of an underinsured motorist insurer. Thus, it does not apply to the issue presented in this interlocutory appeal.

We conclude that under the authority of *Haas* the Ramseys are prohibited from joining Shelter as a party defendant in their tort action against Chism. Thus, we hold the trial court erred in joining Shelter as a contingently necessary party to the tort action.

The judgment is reversed and this case is remanded for further proceedings consistent with this opinion.