A92A0531. ATLANTA RENT-A-CAR, INC. v. SOUTHERN GENERAL INSURANCE COMPANY.
(417 SE2d 213)

McMurray, Presiding Judge.

On July 7, 1986, Shirley Pullins and Mario O. Hill were involved in an automobile collision. Ms. Pullins was driving an automobile owned by Charles White and insured by Southern General Insurance Company ("Southern General"). Mr. White gave Ms. Pullins permission to drive his automobile. Mr. Hill was driving an automobile owned by Atlanta Rent-A-Car, Inc. ("Atlanta Rent-A-Car") and rented to David Stanford McCoy. At the time of the collision, Mr. McCoy was a passenger in the automobile driven by Mr. Hill.

Atlanta Rent-A-Car did not require persons renting its automobiles to carry liability insurance. It did, however, file a plan of self-insurance covering its vehicles with the Insurance Commissioner's office.

Ms. Pullins brought suit against Messrs. Hill and McCoy. Southern General, as Mr. White's uninsured motorist carrier, was served with a copy of the summons and complaint. Messrs. Hill and McCoy were served by publication only.

Southern General settled Ms. Pullins' suit, under the uninsured motorist endorsement of its policy with Mr. White, for the policy limits of $15,000. Thereafter, Southern General brought suit against Atlanta Rent-A-Car seeking "that sum paid by Southern General ($15,000.00) in good faith settlement to Shirley Pullins arising out of her claims against Mario O. Hill and David S. McCoy." Atlanta Rent-A-Car answered the complaint and denied any liability to Southern General.

Each side moved for summary judgment. The trial court granted Southern General's motion, entering judgment in favor of Southern General in the amount of $15,000 plus pre-judgment interest in the amount of $4,211.53. Atlanta Rent-A-Car appealed. *Held:*

In *Veal v. Gen. Acc. &c. Assur. Corp.,* 128 Ga. App. 610, 611 (197 SE2d 410), plaintiff brought suit against Zebbie Williams seeking to recover damages arising out of an automobile collision. Although service was attempted by publication, plaintiff obtained a judgment against Williams. Thereafter, plaintiff brought suit against the insurance company, claiming it insured Williams under the terms of an automobile insurance policy. The insurance company moved for summary judgment. The motion was granted and this Court affirmed, holding: "There is no provision in this state whereby courts may ac-

quire jurisdiction over a defendant by service by publication and then render an in personam judgment against him. [Cit.] Consequently, the judgment which plaintiff seeks to enforce against the insurer was void."

We find *Veal* to be applicable in this case. Southern General is subrogated to Ms. Pullins' rights. It can, therefore, proceed against the tortfeasor and the tortfeasor's insurer, Atlanta Rent-A-Car; but it must, of course, obtain an in personam judgment against the tortfeasor before seeking to enforce the judgment against the tortfeasor's insurer, Atlanta Rent-A-Car. *Veal v. Gen. &c. Corp.*, 128 Ga. App. 610, supra. See also *Norman v. Daniels*, 142 Ga. App. 456, 458 (236 SE2d 121) (although insurer is subrogated to plaintiff's rights, plaintiff has not obtained judgment against tortfeasor via John Doe action). Since an in personam judgment has not been entered against Mr. Hill or Mr. McCoy, Atlanta Rent-A-Car cannot be held liable as Mr. Hill's or Mr. McCoy's insurer. The trial court erred in ruling otherwise.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 13, 1992 —
RECONSIDERATION DENIED MARCH 25, 1992 — 

*Trauner, Cohen & Thomas, Russell S. Thomas,* for appellant.
*Freeman & Hawkins, Edward M. Newsom,* for appellee.