No. 80,068

DENISE I. RAY, individually, and as the parent and natural guardian of LISA M. RAY, and as the parent and natural guardian of BILLIE J. RAY, *Plaintiff/Appellant/Cross-appellee,* v. JOHN W. CAUDILL, *Defendant,* and LIBERTY MUTUAL FIRE INSURANCE COMPANY, *Appellee/Cross-appellant.*

(974 P.2d 560)

Opinion filed March 5, 1999.

*Timothy J. King,* of Speth, King & Riedmiller, of Wichita, argued the cause, and *Gary A. Gorman,* of Law Office of Gary Gorman, of Wichita, was with him on the briefs for appellant/cross-appellee.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Brad S. Parker,* of the same firm, of Wichita, was with him on the brief for appellee/cross-appellant.

The opinion of the court was delivered by

DAVIS, J.: The plaintiffs obtained a $2,000,000 judgment against a tortfeasor as a result of a collision in Kansas. They sought, through garnishment action, to collect this amount under the underinsurance provisions of the insurer's South Dakota policy. The trial court determined that South Dakota law, not Kansas law, applied and granted the plaintiffs' summary judgment for $300,000. The plaintiffs appeal. The insurer cross-appeals, raising what is the dispositive issue in this case: lack of jurisdiction in garnishment.

The decedent, Terry L. Ray, was killed in a motor vehicle accident in Republic County while in the course of his employment as a truck driver for Direct Transit, Inc., (Direct Transit). He was survived by his wife, Denise I. Ray, and two minor children, Lisa M. Ray and Billie J. Ray (the plaintiffs). The driver of the other vehicle was John W. Caudill, a Kansas resident. At the time of the accident, Liberty Mutual Fire Insurance Company (Liberty), through fleet coverage, provided insurance on the tractor trailer Ray was driving as well as other trucks operated by Direct Transit in interstate commerce. The trucks operated in interstate commerce pursuant to the International Registration Plan (IRP). Under the IRP, a vehicle in interstate commerce is registered in a base jurisdiction. Thereafter, the vehicle is allowed to operate in interstate commerce in certain other jurisdictions which are members of the IRP, with the registration fees being apportioned according to milage traveled in those jurisdictions. The tractor trailer operated by Ray was titled, licensed, and registered in South Dakota as its base jurisdiction.

The plaintiffs filed a wrongful death action against Caudill. Caudill was insured by State Farm with a maximum coverage of $50,000. Liberty, as the underinsured motorist carrier for Direct Transit, was given notice of the suit and was alerted to the fact that Caudill maintained only $50,000 in coverage. Liberty advised the plaintiffs that it had no liability under its underinsured motorist coverage.

The plaintiffs and Caudill agreed to a tentative settlement for an amount of $2,000,000. Before finalizing the agreement and before judgment, Liberty was notified of the agreement pursuant to K.S.A. 40-284(f) and given the opportunity to intervene in the suit or to substitute payment. Liberty declined to do either. The plaintiffs and Caudill executed their agreement and judgment was entered in favor of the plaintiffs for an amount of $2,000,000. State Farm, on behalf of Caudill, paid the $50,000 policy limits.

Within their wrongful death action, the plaintiffs then filed a garnishment against Liberty for underinsured motorist coverage based upon their $2,000,000 judgment. Liberty responded with a motion to dismiss, arguing that the district court lacked jurisdiction

to consider underinsured motorist coverage in a garnishment action. This motion was denied.

The plaintiffs filed a motion for summary judgment in the garnishment action. Before the trial court and now on appeal, they contend that under K.S.A. 1998 Supp. 8-1,101, vehicles traveling in Kansas, even though not registered in Kansas, are deemed to be registered in Kansas under the IRP. The plaintiffs point out that insurance policies delivered or issued for delivery in the state for any motor vehicle registered or principally garaged in the state must, according to K.S.A. 40-284, include underinsured motorist coverage equal to the policy's liability limits. They argue that Liberty's underinsurance coverage is, therefore, the same as its liability coverage: $2,000,000.

The trial court agreed with Liberty's argument that K.S.A. 40-284 was not applicable to the case and concluded that the underinsurance policy limits in South Dakota would apply. The court, therefore, awarded summary judgment to the plaintiffs in the amount of $300,000, comprised of the $350,000 South Dakota policy limit minus the $50,000 the plaintiffs had received from State Farm on behalf of Caudill. The plaintiffs now appeal.

In its cross-appeal, Liberty contends that the trial court had no jurisdiction to consider the garnishment action and, thus, this court has no jurisdiction. Liberty argues that underinsured motorist coverage is first-party coverage, owed to the judgment creditors by their own insurance company, not coverage owed to the judgment debtor.

Discussion and Analysis

A proceeding in garnishment is a means of attachment by which monies, credits, or effects of a debtor may be reached in the hands of another person. *Land Manufacturing, Inc. v. Highland Park State Bank*, 205 Kan. 526, 528, 470 P.2d 782 (1970). K.S.A. 60-716 provides:

"As an aid to the enforcement of the judgment, an order of garnishment may be obtained and shall be issued by the clerk of the court. . . . Such written direction shall designate whether the order of the garnishment is to be issued for

the purpose of attaching earnings or *for the purpose of attaching other property of the judgment debtor.*" (Emphasis added.)

Garnishment is an extraordinary remedy and may be resorted to only under the conditions and procedure expressly authorized by statute. *Reed v. Ziegler,* 175 Kan. 635, 638, 265 P.2d 855 (1954).

The $2,000,000 judgment entered in favor of the plaintiffs in the wrongful death action was against Caudill. He is the judgment debtor. In a garnishment proceeding, the creditor, the plaintiffs in this case, takes the place and stands in the shoes of its debtor, Caudill, taking only what he could enforce against the third-party garnishee. See *Harpster v. Reynolds,* 215 Kan. 327, 330, 524 P.2d 212 (1974).

However, uninsured and underinsured motorist coverage is first-party coverage owed by the insurer to its insured. Liberty's policy of insurance in this case covers Terry Ray and owes nothing to Caudill. The plaintiffs, as judgment creditors, cannot recover in garnishment against Liberty unless the judgment debtor could do so. *Lechleitner v. Cummings,* 160 Kan. 453, 163 P.2d 423 (1945). All parties agree that Liberty's obligation is to the judgment creditor, the plaintiffs, not the judgment debtor.

In *Baron v. Villareal,* 100 Ill. App. 2d 366, 371-74, 241 N.E.2d 227 (1968), the court found that the plaintiff, having gained a judgment against the defendant, could not proceed against his own uninsured motorist carrier by way of garnishment because the carrier had no liability to the defendant under the policy. The court noted that a claim by a judgment creditor against a garnishee must be one that the judgment debtor could have maintained. 100 Ill. App. 2d at 373. *Baron* is cited by Couch on Insurance for the following proposition:

"Once the insured has obtained a judgment against the uninsured motorist as required prior to recovery under a UM statute, the insured's remedy against the UM insurer is by way of a separate action against the insurer to enforce the specific rights bestowed upon the insured by the policy; the insured cannot proceed against the UM insurer by way of garnishment of the judgment, since the UM insurer is not, in fact, the tortfeasor's insurer." 9 Couch on Insurance § 124:21 (3d ed.).

Although the above references concern uninsured motorist coverage, the same logic applies to underinsured motorist coverage. See 9 Couch on Insurance § 122:3 (stating that underinsured motorist coverage is a variant of uninsured motorist coverage). Therefore, it is clear that the plaintiffs may not proceed against Liberty under a garnishment action, and the trial court erred in finding that it had jurisdiction to entertain the garnishment proceeding.

The plaintiffs argue that our decision in *Haas v. Freeman*, 236 Kan. 677, 693 P.2d 1199 (1985), expresses a policy of resolving all coverage questions in one action and, therefore, favor the resolution of the underinsurance coverage question within this action. However, unlike *Haas*, the question in this case involves a garnishment proceeding which is governed by K.S.A. 60-716.

*Haas* did not directly address the issue in this case. *Haas* recognized the earlier conclusions of this court in *Winner v. Ratzlaff*, 211 Kan. 59, 65, 505 P.2d 606 (1973), that a plaintiff may include his or her own insurance company in a suit against the tortfeasor when there is an issue of *uninsured* motorist coverage. 236 Kan. at 680. Despite this court's statement in *Winner* that multiple litigation is never desirable and there is a public interest economically in avoiding it wherever possible to do so in a fair and workable manner, *Haas* noted that there is a distinction between uninsured and *underinsured* coverage. We noted in *Mitchell v. Liberty Mut. Ins. Co.*, 265 Kan. 556, 563, 961 P.2d 1235 (1998), that because of the distinct features of an underinsured motorist claim, "substantial justice" may not be accomplished in a single lawsuit and such claims "must allow the possibility of multiple litigation to preserve the rights of all parties involved." See *Guillan v. Watts*, 249 Kan. 606, 616, 822 P.2d 582 (1991). We were not dealing with a garnishment in either *Haas* or *Mitchell*. We are not at liberty to ignore the lack of a statutory basis for garnishment in the present action. As noted above, garnishment is an extraordinary remedy and may be resorted to only under the conditions and procedures expressly authorized by statute.

The decision of the trial court is reversed and remanded with directions to dismiss the garnishment action.