(32 P.3d 205)

No. 85,437

MARY JANE MEDINA, *Appellee*, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, *Appellant*.

Opinion filed September 21, 2001.

*William P. Tretbar* and *Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for the appellant.

*Gerald W. Scott*, of Gerald W. Scott, P.A., of Wichita, for the appellee.

Before RULON, C.J., PIERRON, J., and PATRICK D. MCANANY, District Judge, assigned.

PIERRON, J.: Mary Jane Medina claimed underinsured motorist insurance coverage following a default judgment against the tortfeasor. American Family Mutual Insurance Company (American Family) appeals the district court's judgment that it is liable to Medina for underinsured motorist coverage. We reverse.

On June 21, 1992, Medina's vehicle was stopped at an intersection when it was struck from behind by another vehicle. That vehicle was driven by Jose M. Camacho (Jose M.). Medina alleged personal injury. She was insured by American Family with underinsured motorist coverage of $100,000. Jose M. was arguably covered under a policy issued to a relative on the accident vehicle by a related company, American Standard Insurance Company of Wisconsin (American Standard), with liability limits of $50,000 per person.

On June 20, 1994, Medina filed a petition in Finney County District Court, naming Jose M. as the sole defendant and alleging she had been injured by his negligence. She attempted service of a summons and petition on Jose Camacho at the address identified in the accident report. That Jose Camacho protested that he was Jose E. Camacho (Jose E.) and that the summons was intended for Jose M., his cousin, who had left the area and perhaps returned to Mexico. Jose E. explained that the car involved in the accident had been titled in his name but that he had since transferred title to Jose M.

Medina continued, with much frustration, to attempt to locate and serve Jose M. She received a 30-day extension of time to effect service and eventually attempted service by publication. American Standard, meanwhile, refused to admit or deny coverage for Jose M. under Jose E.'s policy. Jose E. was dismissed, and Medina moved for default judgment against Jose M. On November 1, 1995, the Finney County court granted Medina judgment for her specified damages of $100,000.

In June 1999, Medina, armed with her underinsured motorist coverage of $100,000 and represented by a new attorney, filed suit in Sedgwick County against American Family for the difference between Jose E.'s liability limits and the amount of the judgment plus interest and costs. American Family challenged the service of process and the validity of the judgment in its answer. American Family then moved for judgment on the pleadings, contending that the underlying default judgment was void for lack of personal jurisdiction over the defendant. The district court denied the motion and also denied a motion in limine seeking to exclude the journal entry from evidence.

During a bench trial, American Family stipulated that Jose M. was covered by the American Standard policy. Medina's Finney County attorney testified that Jose M. had not been personally served. It was undisputed that Jose M. did not appear personally and no one entered an appearance on his behalf. In closing argument, Medina attempted to add a claim for uninsured motorist benefits. American Family continued to argue that the Finney County judgment was void and did not constitute a legal obligation

of Jose M., which is required by the terms of the liability policy to create an obligation upon American Family. The district court ruled that American Family was bound by the judgment and Medina was entitled to her underinsured but not her uninsured motorist coverage. American Family appeals. Medina subsequently attempted to cross-appeal the amount of the judgment but failed to docket the appeal.

The issues briefed by the parties are all variations on a single question, which is whether the default judgment against Jose M. is valid and enforceable despite Medina's failure to obtain personal service on Jose M. American Family argues the judgment is void and can be given no effect. We agree.

The central fact relevant to this issue, that Jose M. was never personally served, is undisputed. Consequently, the issue raises only a question of law, which an appellate court reviews de novo. See *Bank IV Wichita v. Plein*, 250 Kan. 701, 705, 830 P.2d 29 (1992).

Service by publication is controlled by K.S.A. 60-307. The statute provides for publication service in actions pertaining to status or to property located within the state. K.S.A. 60-307(a)(1) through K.S.A. 60-307(a)(3). It also provides for service by publication in actions in which the defendant has left the state or is hiding within the state with the intent to avoid service. K.S.A. 60-307(a)(4). In any case, the nature of a judgment warranted by service by publication is limited unless the defendant appears personally. "If the defendant served in accordance with this section does not appear, judgment may be rendered affecting the property, *res* or status within the jurisdiction of the court as to the defendant, but the service shall not warrant a personal judgment against the defendant." K.S.A. 60-307(b). See *Davila v. Vanderberg*, 4 Kan. App. 2d 586, 608 P.2d 1388 (1980) (affirming dismissal of personal injury suit against driver who could not be found for personal service and was served within the limitations period only by publication).

Medina argues for the first time on appeal that publication notice, coupled with the presence of Jose M.'s vehicle and last paycheck in Kansas, supports *in rem* jurisdiction, which she argues is all the Finney County judgment requires. This position is incon-

sistent with her position below that the Finney County court had personal jurisdiction over Jose M. as a result of publication notice. We disagree with Medina's argument.

*In rem* jurisdiction would only support a judgment as to the identified property, the *res*. See K.S.A. 60-307(b). Medina's petition sought a money judgment against Jose M. personally. That judgment could be satisfied by execution on Jose M.'s vehicle or garnishment of his last paycheck, which would be *in rem* actions for which service by publication might be sufficient. A judgment for monetary damages, even where likely to be satisfied by the defendant's contractual right to indemnification under a policy of insurance, is clearly personal and not within the limitations of K.S.A. 60-307 for service by publication on a judgment affecting "property, res or status."

Service by publication was held sufficient for a tax lien foreclosure in *Phillips Petroleum Co. v. Moore*, 179 Kan. 482, 297 P.2d 183 (1956). Both Medina and the district court have relied on the case. This reliance is misplaced. The case is distinguishable for the clear *in rem* nature of the foreclosure action involved, 179 Kan. at 489, and the dubious relevance of a 45-year-old case on the details of serving a foreign corporation under an obsolete statutory scheme of taxation. More importantly, the *Phillips* holding regarding service by publication has been disapproved. *Pierce v. Board of County Commissioners*, 200 Kan. 74, 85, 434 P.2d 858 (1967).

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. *Sramek v. Sramek*, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), *rev. denied* 252 Kan. 1093 (1993). Consequently, an injured party may not rely on a void judgment against the tortfeasor to enforce a contract for underinsured motorist benefits.

The parties also dispute whether the Finney County judgment may be collaterally attacked. American Family argues the judgment is a nullity. Medina contends, essentially, that American Family is bound by the judgment because it had notice but chose not to intervene in the lawsuit. The Sedgwick County court declined to disturb a judgment rendered in a coequal court.

Rather than collaterally attacking the original judgment, more accurately, American Family has raised the invalidity of the underlying judgment as a defense to Medina's action on the insurance contract. See 5 Wright & Miller, Federal Practice and Procedure § 1307 (1990). Phrased this way, the issue is more clear. Semantics aside, however, a void judgment may be attacked at any time by any person affected by it. See *Universal Modular Structures, Inc. v. Forrest*, 11 Kan. App. 2d 298, 300, 720 P.2d 1121 (1986). In contrast, a *voidable* judgment is valid until set aside and cannot be challenged collaterally. *Bank IV Wichita*, 250 Kan. at 708. A judgment shown to be void for lack of personal service on the defendant is a nullity. See *Sramek*, 17 Kan. App. 2d at 576-77. Consequently, it is unenforceable in a subsequent action. The Sedgwick County court may lack the power to set aside the Finney County judgment, but the Sedgwick County court should refuse to enter a judgment that is dependent upon it.

Medina correctly argues that an insurance company who elects not to intervene in an action against the tortfeasor is bound by the resulting judgment. The flaw in this argument, and in the district court's ruling, is that there is, in reality, no judgment here. Both K.S.A. 40-284(b) and American Family's policy predicate the obligation to provide underinsured motorist coverage on the insured's legal entitlement to recover for his or her injuries from the driver of another vehicle. Medina relied entirely on the Finney County judgment to establish both Camacho's liability and the extent of her damages. The Finney County judgment is a nullity and cannot be enforced against Camacho, so Medina cannot rely on it to trigger American Family's derivative obligation. See *Pickens v. Allstate Ins. Co.*, 17 Kan. App. 2d 670, 673, 843 P.2d 273 (1992), *rev. denied* 252 Kan. 1093 (1993).

Medina provides an abundance of authority for the proposition that the insurance company is bound by a judgment against the tortfeasor. However, none of the cases she cites suggests an insurance company may be obligated as a result of a default judgment based on publication service. Each case has a defendant. See *Haas v. Freeman*, 236 Kan. 677, Syl. ¶1, 693 P.2d 1199 (1985) (underinsured motorist carrier may intervene in action against tortfeasor;

whether it does or not, it is bound by the judgment); *Guillan v. Watts*, 249 Kan. 606, 616-17, 822 P.2d 582 (1991) (insurance company that intervenes and becomes a party to the action is not bound by defendant's confession of judgment, but otherwise, a court-approved judgment entered based on a settlement agreement is a judgment on the merits sufficient to bind the insurance company); *Ramsey v. Chism*, 249 Kan. 299, Syl. ¶1, 817 P.2d 198 (1991) (although insurance company may elect to intervene, plaintiff may not join underinsured motorist carrier as party defendant in action against tortfeasor). In the only case involving a default judgment, the defendant was apparently served but did not respond to the petition. See *Pickens*, 17 Kan. App. 2d at 671.

No published Kansas case addresses precisely this procedural situation. 17 Couch on Insurance 3d § 247:56 (2000), cites only a Georgia case directly on point. A search of Kansas state and federal cases has proven to be unavailing.

In *Veal v. General Accident Fire & Life Assurance Corp.*, 128 Ga. App. 610, 197 S.E. 2d 410 (1973), the Georgia Court of Appeals affirmed summary judgment for the insurer in an action to enforce a prior judgment against the insured. In that case, as in the case before this court, plaintiff was unable to serve the defendant driver, attempted service by publication, and obtained a judgment. In a subsequent action to enforce the judgment against the driver's insurance company, the insurance company contended that the judgment was void because the court did not have in personam jurisdiction over the defendant. The Georgia court noted that, by statute, a void judgment may be attacked in any court by any person. The court held that, since there was no provision under state law for acquiring jurisdiction over a defendant by service by publication, the judgment was void and summary judgment was properly granted. 128 Ga. App. at 611. See also *Barnes v. Continental Insurance Company*, 231 Ga. 246, 201 S.E. 2d 150 (1973) (default judgment obtained against tort defendant without personal service is void and action against liability insurer predicated upon judgment was properly dismissed); *Atlanta Rent-a-Car, Inc. v. Southern General Insurance Company*, 203 Ga. App. 576, 576-77, 417 S.E. 2d 213 (1992) (citing *Veal*, reversing judgment for unin-

sured motorist insurance carrier in subrogation action against self-insured because judgment in underlying action was void because defendants were served only by publication).

Finally, as American Family notes, there was never an action in which it could intervene. A civil action is not commenced until the defendant is served or enters an appearance. See K.S.A. 60-203; *Davila*, 4 Kan. App. 2d at 588-89. American Family cannot be obligated by a meaningless journal entry simply because of its failure to take an impossible action.

We reverse and remand with directions to enter judgment for American Family on the pleadings.